**Jason A. ALLEN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 89A01–9902–CR–56.

Court of Appeals of Indiana.

Jan. 19, 2000.

---

E. Thomas Kemp, Richmond, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-defendant Jason A. Allen ("Allen") appeals from his three convictions for robbery, all as Class B felonies. We affirm.

### Issues

Allen raises one issue on appeal, which we restate as whether the trial court

abused its discretion in imposing consecutive sentences for his robbery convictions.

## Facts and Procedural History[1]

On May 17, 1997, Allen entered the lobby of a Ramada Inn in Richmond, Indiana. Armed with a BB gun that appeared to be a .357 revolver, Allen demanded money, warned an employee that he would "put a hole in his head" if he "pull[ed] anything funny," and left the hotel with money from the cash drawer.

On May 18, 1997, Allen and a companion entered a Domino's Pizza store in Richmond, Indiana. Allen's companion wielded a handgun that appeared to be a .357 revolver and demanded money. Allen grabbed money out of the cash register, and both men left the store.

On May 23, 1997, Allen and a companion entered the lobby of a Days Inn motel in Richmond, Indiana. The companion carried a .22 caliber rifle and demanded money. Allen grabbed the money, and both men left the motel.

As a result of these and other incidents, Allen was charged with four counts of robbery, all as Class B felonies, and one count of attempted robbery as a Class B felony on May 29, 1997. On November 23, 1998, he plead guilty to three counts of robbery, and the State dismissed the two remaining charges. On January 28, 1999, the trial court sentenced Allen to six years each on two of the counts and eight years on the third count (two years thereof to be served on probation), with the sentences to be served consecutively.[2] Allen now appeals his sentence.

## Discussion and Decision

### *Standard of Review*

 It is axiomatic that sentencing decisions are committed to the sound discretion of the trial court, and we "will reverse a sentence only upon a showing of manifest abuse of discretion." *Ault v. State*, 705 N.E.2d 1078, 1081 (Ind.Ct.App. 1999). Recognizing that a certain degree of subjectivity " 'cannot be eliminated' " from the sentencing process, "our supreme court has stated that it is inappropriate to substitute the opinion of an appeals court regarding sentencing" for that of the trial court. *Id.* (quoting *Hurt v. State*, 657 N.E.2d 112, 114 (Ind.1995)). We will not revise a sentence unless it is " 'manifestly unreasonable in light of the nature of the offense and the character of the offender.' " *Thacker v. State*, 709 N.E.2d 3, 10 (Ind.1999) (quoting Ind. Appellate Rule 17(B)).[3] " '[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so.' " *Thacker*, 709 N.E.2d at 10 (quoting *Brown v. State*, 698 N.E.2d 779, 783–84 (Ind.1998)). In determining whether to impose consecutive sentences, the trial court may consider the aggravating and mitigating circumstances set forth in IND.CODE § 35–38–1–7.1(b) and IND.CODE § 35–38–1–7.1(c). *Taylor v. State*, 710 N.E.2d 921, 925 (Ind.1999) (citing IND.CODE § 35–50–1–2(c)). The trial court is required to state its reasons for imposing

---

1. We remind Allen's counsel that "[t]he summary of facts required by [Ind. Appellate Rule] 8.3(A)(5) *is not intended to be a portion of the appellant's argument. It should be a concise narrative summary of the facts in a light most favorable to the judgment.... It is to be informative, not persuasive." Moore v. State*, 426 N.E.2d 86, 90 (Ind.Ct.App.1981) (emphases supplied).

2. IND.CODE § 35–50–2–5 reads in relevant part, "A person who commits a Class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances[.]"

3. Allen's reliance on *Morgan v. State*, 675 N.E.2d 1067, 1073 (Ind.1996) as an authority for our standard of review with respect to evaluating sentences under App. R. 17(B) is misplaced; the "reasonable person" language was removed from the rule effective March 1, 1997.

enhanced or consecutive sentences as follows: it must "(1) identify all significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and, (3) articulate the court's evaluation and balancing of the circumstances." *Thacker*, 709 N.E.2d at 9. In view of the sentencing issues presented in the instant case and the frequency with which they recur on appeal, we present a more detailed clarification of the requirements that trial courts must follow when imposing enhanced or consecutive sentences.

### Identification of significant aggravating and mitigating circumstances

As with most sentencing issues, the touchstone of our discussion is IND.CODE § 35–38–1–7.1. Subsection (a) of the statute lists six factors that a trial court *must* consider in determining the appropriate sentence:

(1) the risk that the person will commit another crime;

(2) the nature and circumstances of the crime committed;

(3) the person's:

(A) prior criminal record;

(B) character; and

(C) condition;

(4) whether the victim of the crime was less than twelve (12) years of age or at least sixty-five (65) years of age;

(5) whether the person violated a protective order issued against the person... and

(6) any oral or written statement made by a victim of the crime.

Subsection (b) lists 13 factors that a trial court may consider as aggravating circumstances or as supporting imposition of consecutive terms of imprisonment. Subsection (c), on the other hand, enumerates 11 factors that a trial court may consider as mitigating circumstances or as favoring suspension of the sentence and imposition of probation. As explained in subsection (d), "[t]he criteria listed in subsections (b) and (c) do not limit the matters that the court may consider in determining the sentence."[4] Although IND.CODE § 35–38–1–7.1 lists factors that may be considered by the trial court as aggravating, those factors are not exclusive, and the court has discretion to consider other relevant factors. *See, e.g., Ballard v. State*, 531 N.E.2d 196, 197 (Ind. 1988). The trial court is not required to "specifically address and discuss each of the factors listed in the statute." *Jones v. State*, 614 N.E.2d 936, 937 (Ind.1993).

With respect to mitigating circumstances, it is within a trial court's discretion to determine both the existence and the weight of a significant mitigating circumstance. *Jones v. State*, 705 N.E.2d 452, 454 (Ind.1999). Given this discretion, we will conclude that the trial court overlooked a mitigating circumstance only "when there is substantial evidence in the record of significant mitigating circumstances." *Id.* at 455. *See Page v. State*, 689 N.E.2d 707, 711 (Ind.1997) (when significant mitigating circumstances are supported by the record, "they may reasonably give rise to a belief that they were overlooked and hence not properly considered"); *see also Battles v. State*, 688 N.E.2d 1230, 1236 (Ind.1997) (better practice for trial court to indicate rejection of any proffered mitigating circumstances to

---

4. *See, e.g., Sherwood v. State*, 702 N.E.2d 694, 700 (Ind.1998) (remorse as mitigator); *Madden v. State*, 697 N.E.2d 964, 969 (Ind.Ct.App. 1998), *trans. denied* (guilty plea as mitigator); *Campbell v. State*, 551 N.E.2d 1164, 1168 (Ind.Ct.App.1990) (violation of position of trust and confidence in local community as aggravator); *Dinger v. State*, 540 N.E.2d 39, 40 (Ind.1989) (lack of remorse as aggravator).

assure reviewing court that they have not been overlooked).

■ A trial court must include mitigators in its sentencing statement only if they are used to offset aggravators or to reduce the presumptive sentence, and only those mitigators found to be *"significant"* must be enumerated. *Battles,* 688 N.E.2d at 1236 (emphasis in original). A trial court is "not required to find the presence of mitigating factors" or to give the same weight or credit to mitigating evidence as does the defendant, *Fugate v. State,* 608 N.E.2d 1370, 1374 (Ind.1993), nor is it "obligated to accept the defendant's assertions as to what constitutes a mitigating circumstance." *Legue v. State,* 688 N.E.2d 408, 411 (Ind.1997); *see also Smith v. State,* 670 N.E.2d 7, 8 (Ind.1996) (no error in failing to find mitigation when claim is " 'highly disputable in nature, weight, or significance' ") (citation omitted). Although a trial court must consider evidence of mitigating factors presented by a defendant, *Aguirre v. State,* 552 N.E.2d 473, 476 (Ind.1990), it "is not obligated to explain why it has found that the factor does not exist." *Fugate,* 608 N.E.2d at 1374. *See also Cooper v. State,* 687 N.E.2d 350, 354–55 (Ind.1997) (while trial court may not ignore mitigating facts in record, "it need not explain why it found a particular circumstance insufficiently mitigating").

■ On the topic of aggravating circumstances, we find our supreme court's opinion in *Tunstill v. State,* 568 N.E.2d 539, 544 (Ind.1991) to be instructive regarding the consideration of a defendant's history of criminal activity as an aggravator under IND.CODE § 35–38–1–7.1(b)(2):[5]

> A record of arrest, without more, does not establish the historical fact that the defendant committed a criminal offense on a previous occasion such that it may

be properly considered as evidence that the defendant has a history of criminal activity. In order to enhance a criminal sentence based, in whole or in part, on the defendant's history of criminal activity, a sentencing court must find instances of specific criminal conduct shown by probative evidence to be attributable to the defendant. A bare record of arrest will not suffice to meet this standard....

> The historical fact that a defendant has committed a crime, such that it may then be properly found to constitute the aggravator of a criminal history, may be established upon evidence that the defendant has been convicted of another crime, or upon evidence that the defendant committed another crime which is properly admitted at trial under an exception to the general prohibition against evidence of prior bad acts. Once a defendant's guilt of the other crime is established by conviction, admission, or properly admitted trial evidence, whether or not he was ever placed under arrest is irrelevant. The substance of the aggravator, "history of criminal activity," is the fact that the defendant committed the other crime, not that he was arrested for it.

(Citations omitted.) The *Tunstill* court further stated that although a record of arrests may not be considered as an aggravator under IND.CODE § 35–38–1–7.1(b)(2), it may be properly considered as such under IND.CODE § 35–38–1–7.1(d), which

> gives a sentencing court the flexibility to consider any factor which reflects on the defendant's character, good or bad.... While a record of arrests does not establish the historical fact of prior criminal behavior, such a record does reveal to the court that subsequent antisocial behavior on the part of the defendant has

---

5. We address this particular statutory aggravator to complement our discussion of Allen's history of delinquent activity under IND.CODE § 35–38–1–7.1(b)(2).

not been deterred even after having been subject to the police authority of the State and made aware of its oversight of the activities of its citizens. This information is relevant to the court's assessment of the defendant's character and the risk that he will commit another crime and is therefore properly considered by a court in determining sentence.

*Id.* at 545. Pending charges may be similarly considered as an aggravating factor, "being reflective of the defendant's character and as indicative of the risk that he will commit other crimes in the future." *Id.* We note that there is no requirement that the defendant's criminal history "be necessarily violent" to support a trial court's finding of an aggravating circumstance to enhance a sentence. *Ellis v. State,* 707 N.E.2d 797, 804 (Ind.1999).

■ "Sentence enhancement is a separate and discrete decision from the imposition of consecutive sentences." *Cleary v. State,* 638 N.E.2d 431, 434 (Ind.Ct.App. 1994), *trans. denied.* However, "statutory provisions regarding sentence enhancement and consecutive sentencing are not mutually exclusive." *Thorne v. State,* 687 N.E.2d 604, 605 (Ind.Ct.App.1997), *trans. denied.* For example, there is no "prohibition against relying on the same aggrava-

ting circumstances both to enhance a sentence and to order it served consecutively, nor any requirement that the trial court identify the factors that supported the sentence enhancement separately from the factors that supported consecutive sentences." *Blanche v. State,* 690 N.E.2d 709, 716 (Ind.1998). Indeed, a *single* aggravating circumstance may be used both to enhance a sentence and to impose consecutive sentences. *Thacker,* 709 N.E.2d at 10; *see also Davidson v. State,* 558 N.E.2d 1077, 1092 (Ind.1990); *Thorne v. State,* 687 N.E.2d 604, 606 (Ind.Ct.App.1997), *trans. denied ; Hardebeck v. State,* 656 N.E.2d 486, 491 (Ind.Ct.App.1995); *Ridenour v. State,* 639 N.E.2d 288, 298 (Ind.Ct.App. 1994); *but see, e.g., Payne v. State,* 687 N.E.2d 252, 255 (Ind.Ct.App.1997).[6]

■ As an additional consideration that merits special attention because of the frequency with which it appears in sentencing cases, a trial court may find as an aggravator that a lesser sentence would depreciate the seriousness of the crime "only when considering imposition of a sentence of shorter duration than the presumptive sentence, not when enhancing a sentence." *Robinson v. State,* 693 N.E.2d 548, 554 (Ind.1998). However, a reviewing court will affirm the trial court's use of an improper aggravating factor to enhance a

6. In *Payne,* a panel of this Court held that " 'ordinarily, a single aggravating factor should not be used to impose an enhanced sentence and consecutive sentences' " unless the factor "is particularly egregious." 687 N.E.2d at 255 (quoting *Staton v. State,* 640 N.E.2d 741, 743 (Ind.Ct.App.1994), *trans. denied* ). However, our research reveals that the supreme court has not imposed such a qualification on the use of a single aggravating factor to impose both enhanced and consecutive sentences. *See, e.g., Isaacs v. State,* 673 N.E.2d 757, 765 (Ind.1996) (referring to *Davidson* ). Although the cases cited by both *Thacker* and *Davidson* mention aggravating circumstances in the plural, we (as did the *Thorne* court) find Judge Ratliff's dissenting reasoning in *Staton* to be persuasive: "Indeed, if the same [aggravating] factors can support both, and a single factor will support either, there is no logical reason why that

same single aggravating factor cannot support both." 640 N.E.2d at 743. In *Thorne,* Judge Najam noted that cases referring to aggravating "factors" in the plural did so "simply because the trial court had, in fact, articulated multiple aggravators in its sentencing order," and that they did not intend "to distinguish between sentences which rely on a single factor and those that rely on multiple factors to support an enhanced sentence and to impose consecutive sentences." 687 N.E.2d at 606. Nevertheless, absent any contrary indications from our supreme court, we may safely observe that a trial court's use of a single aggravating factor to impose both enhanced and consecutive sentences will not be summarily condemned on appellate review.

sentence if the other aggravators are sufficient to support the sentence imposed. *Id.*[7]

### Statement of specific reasons for finding mitigating or aggravating circumstances

■ Next, the trial court is required to list the "specific facts and reasons" that led to its finding of the existence of each mitigating and aggravating circumstance. *Archer v. State*, 689 N.E.2d 678, 684 (Ind. 1997); IND.CODE § 35–38–1–1(3).

There are two purposes for requiring the reasoned sentencing statement. One, it safeguards against the imposition of arbitrary and capricious sentences because it ensures that the sentencing judge only considered proper matters when imposing sentence. Two, the statement allows a reviewing court to determine the reasonableness of the imposed sentence. . . .

In reviewing the sufficiency of a sentencing statement this court is not limited to review of the written sentencing order but is required to look at the entire record including the sentencing hearing. The record must demonstrate that the trial court's determination was based upon consideration of the facts of the crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence.[8]

*Hardebeck*, 656 N.E.2d at 491–92 (citations omitted).

■ When a trial court determines that either an enhanced sentence or consecutive sentences are warranted, the specificity with which it states its reasons for finding mitigating or aggravating circumstances is especially critical for purposes of appellate review: "[a] 'perfunctory recitation' of statutory factors does not provide adequate review of the appropriateness of an enhanced sentence." *Battles*, 688 N.E.2d at 1236 (citation omitted). "The individualized statement need not be exhaustive, but must be sufficient to warrant the conclusion on appeal that the sentence is reasonable." *Erby v. State*, 511 N.E.2d 302, 304 (Ind.1987).[9] The trial court is not obligated to state its reasons for imposing the presumptive sentence for a conviction, *Hardebeck*, 656 N.E.2d at 491, nor must it state its reasons "for imposing sentence pursuant to a plea agreement," *Silvers v. State*, 499 N.E.2d 249, 253 (Ind.1986), but it must specify its reasons for imposing consecutive sentences whether the sentence is mandatory or discretionary. *Ray v. State*, 585 N.E.2d 36, 37 (Ind.Ct.App.1992).[10]

---

**7.** By contrast, our supreme court has stated that in death penalty cases, " 'courts must. . . limit the aggravating circumstances eligible for consideration to those specified in the death penalty statute [IND.CODE § 35–50–2–9].' " *Minnick v. State*, 698 N.E.2d 745, 758 (Ind.1998), *cert. denied*, —— U.S. ——, 120 S.Ct. 501, 145 L.Ed.2d 387 (1999) (quoting *Bivins v. State*, 642 N.E.2d 928, 955 (Ind. 1994), *cert. denied*, 516 U.S. 1077, 116 S.Ct. 783, 133 L.Ed.2d 734 (1996)).

**8.** "[T]he primary consideration of the trial court during sentencing is rehabilitation of the defendant." *Hardebeck*, 656 N.E.2d at 490.

**9.** If the trial court's explanation for imposing an enhanced sentence or consecutive sen-

tences "appears inadequate, the appellate court may order an enhanced sentence reduced to the presumptive, or change consecutive sentences to concurrent, or remand for a more detailed statement, or examine the record for indications that the trial court engaged in the required evaluative process." *May v. State*, 578 N.E.2d 716, 723 (Ind.Ct. App.1996). When a cause is remanded for a more detailed statement, the court need only specify its reasons and is not required to hold a new sentencing hearing. *See Warthan v. State*, 443 N.E.2d 1191, 1192 (Ind.1983).

**10.** *See, e.g.*, IND.CODE § 35–50–1–2(c), which reads in relevant part as follows:

The court may order terms of imprisonment to be served consecutively even if the sen-

### Evaluation and balancing of mitigating and aggravating circumstances

 Finally, when the trial court "performs the required balancing process, the balancing test need not be quantitative, and is generally qualitative." *Archer*, 689 N.E.2d at 684. *See also Ault*, 705 N.E.2d at 1081 (certain degree of subjectivity " 'cannot be eliminated' " from sentencing process). "When the trial court properly identifies and articulates all significant aggravating and mitigating circumstances, this requires that the trial court merely indicate that the aggravating circumstances outweigh the mitigating circumstances." *Carter v. State*, 711 N.E.2d 835, 840 (Ind.1999).

To conclude our summary of sentencing considerations, we turn to Judge Barteau's thoughtful and eminently sensible remarks on the subject in *May v. State*, 578 N.E.2d 716, 724 (Ind.Ct.App.1991):

A trial judge who chooses to deviate from a presumptive sentence owes a duty to the legislature, the appellate court, the public, and the defendant to explain such a decision. Thoughtful sentencing statements should be made not only because [IND.CODE § ] 35–38–1–3 requires them, but also because they are a desirable feature of our criminal justice system: they facilitate appellate re-

view of the trial court's exercise of discretion in sentencing, they promote to the public a sense that our courts dispense even-handed justice, and they forestall acrimonious complaints by defendants of arbitrary sentencing. In addition, thorough statements may contribute to judicial economy by reducing the number of criminal appeals on the issue. It seems reasonably less time consuming for the trial judge to make a proper statement at the time of sentencing than for the appellate court to issue an opinion evaluating the adequacy of the challenged statement. Moreover, trial judges can avoid the burden of remand for a more detailed statement by making such a statement in the first place.

We hope that members of the bench and bar will continue to be mindful of these important sentiments as they address the intricate and fact-sensitive issues that inevitably arise during the sentencing process.

\* \* \*

During Allen's sentencing hearing, the trial court outlined its rationale for imposing consecutive sentences as follows:

The defendant, in fact, is at risk of a maximum, cumulative sentence of sixty years in this cause. He could get twen-

---

tences are not imposed at the same time. However, except for crimes of violence [listed in subsection (a) of this statute, such as murder, kidnapping, and rape], the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under [IND.CODE § ] 35–50–2–8 and [IND.CODE § ] 35–50–2–10 [habitual offender and habitual substance offender statutes], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

IND.CODE § 35–50–1–2(d) provides that if, after being arrested for one crime, a person commits another crime "(1) before the date the person is discharged from probation, pa-

role, or a term of imprisonment imposed for the first crime; or (2) while the person is released: (A) upon the person's own recognizance; or (B) on bond; the terms of imprisonment for the crimes *shall* be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed." (Emphasis supplied.)

IND.CODE § 35–50–1–2(e) provides that if a trial court determines under IND.CODE § 35–50–2–11 that a person "used a firearm in the commission of the offense for which the person was convicted, the term of imprisonment for the underlying offense and the additional term of imprisonment imposed by [Ind.Code § ] 35–50–2–11 *must* be served consecutively." (Emphasis supplied.)

ty years for each sentence, and those to run consecutively. There are a number of ways that the Court could arrive at practically any number, by either consecutizing [*sic*] sentences or imposing various terms of years for the three different offenses. But by so doing, the range of sentences would be from six to sixty years. I have concluded that what I'm about to indicate is the appropriate term of years and there are various ways I could've imposed that cumulative term of years. I've chosen the particular manner I'm going to indicate here shortly. I've considered the factors set out in Indiana Code 35–38–1–7.1. I've considered the mitigators that you've advanced, Mr. Jones, the—his youth, eighteen years, his GED, remorse, guilty pleas, mental health, drug use. I've considered the following aggravat[o]rs, the history of delinquent activity culminating at one point with a commitment to the Indiana Boys School, a history that involved somewhere near fourteen different arrests. I've considered his—the facts and circumstances of the offenses wherein he was a very active participant, not simply an aider or abettor. I've considered that, based on the juvenile history, most children when arrested would take a message from that and that would probably be enough to scare most children straight. This defendant has been arrested time after time after time. In 1993, in 1994, in 1995, 1996, 1997, right up until he turned eighteen and then he was eighteen for about a month when he engaged in a series of armed robberies. I am convinced that the defendant is in need of a long term correctional or rehabilitative treatment that can best be provided by a significant commitment to a penal facility. Also the multiplicity, that there were three separate armed robberies is an aggravat[o]r, and also indicates the need for correctional or rehabilitative treatment.

Allen raises several claims of error, arguing that the trial court's imposition of consecutive sentences is inappropriate and that his sentences should run concurrently. We address each claim in turn.

### I. History of Delinquent Activity

Citing *Davenport v. State,* 689 N.E.2d 1226, 1232 (Ind.1997), *rehearing granted in part on other grounds,* 696 N.E.2d 870 (Ind.1998), Allen correctly observes that "[a] defendant's juvenile record may be treated as an aggravating circumstance if the trial court is presented with *specifics* as to juvenile criminal activity and those *specifics* support evidence of a history of criminal activity." (Emphases supplied.) *See also* IND.CODE § 35–38–1–7.1(b)(2) (trial court may consider defendant's "history of criminal or delinquent activity" as an aggravating circumstance or "as favoring imposing consecutive terms of imprisonment"). Allen argues that the trial court "was presented with no details involved in any of [his] arrests or the juvenile disposition" and that its finding of an aggravating circumstance is therefore "unsupported" and "unfounded." Allen's juvenile criminal record reflects that he was arrested approximately 15 times between 1993 and 1997, but was adjudicated a delinquent only once, in May 1995, resulting in his commitment to Indiana Boys School.

In *Day v. State,* our supreme court noted that "even when a juvenile court *has* made a determination of delinquency, *only the acts committed by the juvenile may constitute a criminal history to support enhancement of a sentence.*" 560 N.E.2d 641, 643 (Ind.1990) (initial emphasis in original). Although Allen's juvenile report identifies the specific offense(s) for each of his numerous arrests, including battery, burglary, and robbery, the report neither enumerates the specific facts surrounding each arrest nor provides any details regarding his adjudication. In fact,

upon reviewing Allen's juvenile criminal report, it is impossible to determine the exact offense or offenses for which he was adjudicated a delinquent in May 1995. Therefore, we conclude that the trial court improperly relied on Allen's juvenile criminal history in imposing consecutive sentences under IND.CODE § 35–38–1–7.1(b)(2).[11]

## II. Enhancement Based on Statutory Elements of Crime

Allen also claims that the trial court erred in considering Allen's "more active, aggressive and serious [role] than the peripheral participation of his confederates"[12] in the robberies as an aggravating circumstance. He argues that "[w]hat is lacking from this description is what conduct on [his part], above and beyond the elements of the offenses committed, the court found to be active, aggressive and serious." We note that "[w]hile a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence, the court may look to the particularized circumstances of the criminal act." *Ellis,* 707 N.E.2d at 804–05; *see also* IND.CODE § 35–38–1–7.1(a)(2) (court shall consider "nature and circumstances of the crime committed" in determining sentence). "To enhance a sentence in this manner, the trial court must specify *why* the Defendant deserves an enhanced sentence under the particular circumstances." *Ellis,* 707 N.E.2d at 805 (emphasis supplied).

IND.CODE § 35–42–5–1 reads in relevant part,

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant. . . .

■ In reviewing the facts adduced at his guilty plea and sentencing hearings, we agree with Allen that the trial court failed to articulate sufficient facts to support its finding that his role in the robberies justified consecutive sentences. Indeed, Allen brandished a handgun during the course of only one of the three armed robberies, and although his threats to the Ramada Inn employee may certainly be construed as menacing, we cannot conclude that his role was sufficiently "aggressive and serious" beyond the material elements of the crime to warrant the imposition of consecutive sentences.

## III. Need for Rehabilitative Treatment by Extended Commitment to Penal Facility

■ IND.CODE § 35–38–1–7.1(b)(3) permits a trial court to impose consecutive terms of imprisonment if it determines that "[t]he person is in need of correctional or rehabilitative treatment that can best be provided by commitment of the person

11. As mentioned previously, the trial court could have properly considered Allen's juvenile arrest record under IND.CODE § 35–38–1–7.1(d) as evidence of persistent antisocial behavior in assessing his character and the risk of his committing another crime and in determining his sentence. *See Tunstill,* 568 N.E.2d at 545. Although the trial court did not specifically state that it had considered Allen's juvenile record under IND.CODE § 35–38–1–7.1(b)(2), we note that it used the applicable statutory language ("history of delinquent activity") and immediately followed its remarks on this subject with reference to the next paragraph of the statute (need for "correctional or rehabilitative treatment that can best be provided by commitment . . . to a penal facility"). Because we affirm the trial court's judgment on other grounds, however, we need not address this issue further.

12. The quoted language is excerpted from the trial court's written sentencing memorandum.

to a penal facility." Allen claims that "[t]he trial court did little else, outside of inappropriately referring to [his] unsubstantiated juvenile record, to justify its finding that this aggravating circumstance[ ] exists." In *Adkins v. State,* 703 N.E.2d 182, 187–88 (Ind.Ct.App.1998), we offered the following guidance regarding the trial court's duties with respect to this particular sentencing factor:

> "When relying on this particular aggravator to support an enhanced sentence, the trial court must provide a specific statement of *why* the particular defendant needs corrective or rehabilitative treatment that could best be provided by a penal facility—for a period of time in excess of the presumptive sentence." . . .

> [T]he weight of authority clearly mandates that if a sentencing judge chooses to rely upon the aggravator, "need for rehabilitative treatment in a penal facility" in order to enhance the presumptive sentence, he *must* do more than recite the statutory language during the sentencing hearing. He must specifically state *why* this defendant, given the facts and circumstances in this case, needs such treatment in such a facility for longer than the presumptive sentence would allow. "For this aggravating circumstance to justify in part an enhanced sentence, it must be understood to mean that the defendant is in need of correctional and rehabilitative treatment that can best be provided by a period of incarceration in a penal facility in excess of the presumptive sentence term."

(Citations omitted, second emphasis in original.)

■■■■ We have already determined that the trial court improperly relied on Allen's juvenile criminal history as an aggravating factor. The trial court's oral and written sentencing statements, however, indicate that Allen's commission of three armed robberies also demonstrated his need for correctional or rehabilitative treatment.[13] In *May v. State,* 502 N.E.2d 96, 100 (Ind.1986), our supreme court held that the trial court did not err in finding the defendant's "five separate robberies of five separate victims" to be a valid aggravating factor. Although the trial court cited Allen's commission of multiple crimes in conjunction with his juvenile record as evidence of his need for prolonged incarceration under IND.CODE § 35–38–1–7.1(b)(3), we conclude that the former consideration alone may justify the imposition of consecutive sentences for this purpose. To conclude otherwise would be to substitute our judgment for that of the trial court, which is far better situated to assess the nature of the offenses, the character of the offender, and the offender's need for long-term treatment in a penal facility. *See* App. R. 17(B); *Ault,* 705 N.E.2d at 1081. In less than one week, Allen and his compatriots successfully committed three armed robberies at three different establishments in Richmond, Indiana. Consequently, we cannot say that the trial court abused its discretion by imposing consecutive sentences.

## IV. *Failure to Give Sufficient Weight to Mitigating Circumstances*

■■■■ Finally, Allen asserts that the trial court "does not discuss the mitigating circumstances it found in this case" and that it "provided no articulation of its analysis" in balancing the relevant mitigating and aggravating circumstances. "The trial court is not required to give the same

---

**13.** In its written sentencing memorandum, the trial court stated that Allen's

> persistent willingness to engage in criminal activity evidenced by the three armed robberies after numerous brushes with the law, consisting of more than a dozen arrests,

commitment to Boys School and parole, lead the Court to the conclusion that the defendant is in need of the correctional and rehabilitative treatment afforded by commitment to a penal facility for eighteen (18) years.

weight to proffered mitigating circumstances as [the] defendant does." *Thacker*, 709 N.E.2d at 10. Moreover, "when the record indicates that the trial court engaged in the evaluative processes but simply did not sufficiently articulate the reasons for the sentence imposed, then the reasons underlying the sentencing statement requirement have been fulfilled and there is no need for the reviewing court to remand for a more specific sentencing statement." *Becker v. State,* 695 N.E.2d 968, 974 (Ind.Ct.App.1998); *see also Carter,* 711 N.E.2d at 840 (when trial court properly identifies and articulates all significant aggravating and mitigating circumstances, it must merely indicate that aggravating circumstances outweigh mitigating circumstances). Despite its generalized description of the significant mitigating factors in this case, the record clearly reflects that the trial court sufficiently evaluated and balanced them against the aggravating circumstances.

### Conclusion

The judgment of the trial court is affirmed.

GARRARD and BAILEY, JJ., concur.