**Randy LOUALLEN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 58A05–0102–CR–53.**

Court of Appeals of Indiana.

Sept. 24, 2001.

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Randy Louallen (Louallen) appeals his conviction of child molesting, a Class C felony. Ind.Code § 35–42–4–3.

We affirm.

### ISSUES

Louallen presents two issues for our review which we restate as:

1. Whether the trial court improperly instructed the jury as to the degree of culpability required to convict for child molesting

2. Whether the trial court erred in sentencing Louallen.

### FACTS AND PROCEDURAL HISTORY

Twelve-year-old V.K. was on a fishing trip with her family when Louallen made crude comments to her, touched her inappropriately on the outside of her clothing, attempted to kiss her on the mouth, and attempted to remove her pants. Based upon this incident, Louallen was charged with and convicted of child molesting. The trial court sentenced Louallen to a term of six years, and this appeal ensued.

### DISCUSSION AND DECISION

#### I. JURY INSTRUCTION

Louallen first contends that the trial court improperly instructed the jury with regard to the *mens rea* of the offense of child molesting. Specifically, Louallen claims that the trial court improperly instructed the jury that Louallen had to act "knowingly" *or* "intentionally" rather than the correct *mens rea* of "intentionally."

Instruction of the jury is left to the sound judgment of the trial court, and on appeal we will not disturb that judgment absent an abuse of discretion. *Reed v. State*, 720 N.E.2d 431, 435 (Ind.Ct.App. 1999), *trans. denied*, 735 N.E.2d 221 (2000). However, prior to investigating the trial court's course of action, we examine the propriety of the claimed error. There are a number of prerequisites a defendant must fulfill in order to properly preserve his claim of instructional error. Pertinent to our present discussion is the requirement that, in order to preserve instructional error for appellate review, a defendant must object to the erroneous instruction before the jury retires for deliberations. *Warren v. State*, 701 N.E.2d 902, 905 (Ind.Ct.App.1998), *trans. denied*, 714 N.E.2d 165 (1999); Ind.Crim. Rule 8(B); Ind. Trial Rule 51(C).

Here, Louallen failed to object to the instruction or tender an instruction of his own regarding the elements of child molesting. Therefore, Louallen has waived review of this issue. However, in order to avoid waiver of the issue, Louallen contends that the trial court committed fundamental error by incorrectly instructing the jury as to the *mens rea* element. Fundamental error is an error so blatant as to render the trial unfair to the defendant, thereby depriving the defendant of fundamental due process. *Id.* "To justify reversal in a case where an erroneous jury instruction was given, the error must be of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case." *Id.* Moreover, errors in the giving of instructions are harmless where a conviction is clearly sustained by all of the other evidence presented. *Sanchez v. State*, 675 N.E.2d 306, 309 (Ind.1996).

We turn now to the instruction in the instant case. The trial court instructed the jury as follows:

The crime of child molesting is defined by statute as follows:

A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

To convict the Defendant, the State must have proved each of the following elements beyond a reasonable doubt:

The Defendant

1. **knowingly or intentionally**

   (a) performed any fondling or touching of [V.K.]

   (b) with the intent to arouse or satisfy the sexual desires of Randy S. Louallen

2. when [V.K.] was a child under fourteen (14) years of age.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the Defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the Defendant guilty of Child Molesting, a Class C felony.

(R. 77) (emphasis added). This instruction given at Louallen's trial substantially tracks the Indiana Pattern Criminal Jury Instruction for child molesting, *See* 1 Indiana Pattern Jury Instructions (Criminal) 3.33 (Supp.1999), as well as the child molesting statute. The statute defining the offense of child molesting provides:

A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

Ind.Code § 35–42–4–3(b).

■■ Although the child molesting statute is silent as to a *mens rea* requirement, criminal intent is an element of the offense. *State v. J.D.*, 701 N.E.2d 908, 909 (Ind.Ct.App.1998), *trans. denied; Warren,* 701 N.E.2d at 905. Our pattern jury instructions use "knowingly or intentionally" as the *mens rea;* however, our case law appears to have adopted only the *mens rea* of "intentionally." This adoption seems to be based, at least in part, on the wording of the child molesting statute which states "**with intent to** arouse or satisfy." (emphasis added). Moreover, Ind.Code § 35–41–2–2(d) states that: "[u]nless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct." Thus, the "intentional" requirement of the child molesting statute is applicable to the fondling or touching element, as well as to the element of arousing or satisfying sexual desires. *See also Clark v. State,* 728 N.E.2d 880, 885 (Ind.Ct.App.2000), *trans. denied,* 741 N.E.2d 1250 (2000) (stating that defendant's proffered instructions included the element of criminal intent, that is, an *intent to* arouse sexual desire); *see also Butcher v. State,* 627 N.E.2d 855, 860 (Ind. Ct.App.1994), *reh'g denied* (explaining that child molesting must be proved by evidence that the defendant *intended to* engage in such conduct). We note that, until now, this Court has never specifically held that the *mens rea* of child molesting does not include "knowingly." Today, we hold that the *mens rea* for the offense of child molesting is "intentionally." Based upon this holding, we will evaluate Louallen's claim.

■ Louallen argues that although intoxication is no longer a statutorily recognized defense in Indiana, the issue of intoxication may still impact whether a defendant was capable of acting with the requisite *mens rea.* This is untrue. Ind. Code § 35–41–2–5 states that: "[i]ntoxication is not a defense in a prosecution for an offense and *may not be taken into consideration in determining the existence of a mental state* that is an element of the offense unless the defendant meets the requirements of IC 35–41–3–5."[1] (emphasis added). *See also Sanchez v. State,* 749 N.E.2d 509 (Ind.2001) (holding that Ind.Code § 35–41–2–5 does not violate the Indiana Constitution). In support of his argument, Louallen cites two cases in which the crimes occurred prior to the enactment of the above statute. Louallen's offense, however, occurred in August 2000, three years after the enactment of Ind.Code § 35–41–2–5. Thus, Louallen's line of reasoning regarding his intoxication must fail. Therefore, we will address Louallen's claim regarding the *mens rea* of the offense of child molesting without regard to his intoxication at the time of the incident.

■ Although the court used "knowingly or intentionally" in its instruction to the jury, it also required the jury to find that Louallen *intended to* arouse or satisfy his sexual desires. A review of the record discloses that Louallen was fishing on a dock with V.K. and her brother. As soon as V.K.'s brother left to go to the restroom, Louallen approached V.K. and began touching her. Louallen did not discontinue this course of action even when V.K. told him to stop. The requirement of intent as stated in the jury instruction,

together with the evidence presented at trial, meets the *mens rea* requirement of "intentionally" and clearly shows that Louallen acted intentionally such that there is no likelihood that he was convicted on a lesser standard of culpability.

## II. SENTENCING

As his second claim of error, Louallen asserts that the trial court erred by sentencing Louallen to an enhanced sentence based upon improper aggravating factors. Further, Louallen claims that his sentence is manifestly unreasonable. We will address each contention in turn.

### A. *Enhanced Sentence*

■ Sentencing is a determination within the sound discretion of the trial court, and we will not reverse the trial court's decision absent an abuse of discretion. *Allen v. State,* 722 N.E.2d 1246, 1250 (Ind.Ct.App.2000).

■ In sentencing Louallen, the trial court relied on the following aggravating factors: Louallen's recent violation of probation; Louallen's criminal history; Louallen's need for correctional or rehabilitative treatment that can best be provided by commitment to a penal facility; and imposition of a reduced or suspended sentence would depreciate the seriousness of the crime. The trial court found no mitigating circumstances. Louallen claims error with respect to the aggravating factors concerning his need for correctional treatment and a suspended sentence depreciating the seriousness of the crime.

■ In order for the aggravator regarding the need for correctional treatment at a penal facility to support an

---

1. Ind.Code § 35–41–3–5 provides that it is a defense that a person who engaged in prohibited conduct did so while intoxicated, only if the intoxication was a result of the introduc- tion of the substance into the person's body without his consent or when he did not know that the substance might cause intoxication.

enhanced sentence, the court must give a specific and individualized reason why the defendant is in need of correctional treatment that can best be provided by a period of incarceration in excess of the presumptive sentence. *Hatchett v. State,* 740 N.E.2d 920, 928–29 (Ind.Ct.App.2000), *trans. denied.* Here, we agree with Louallen that the court did not provide this mandatory explanation and improperly considered his need for correctional treatment as an aggravating factor. We likewise agree with Louallen that the trial court improperly considered as an aggravating factor that "imposing a reduced sentence would depreciate the seriousness of the crime," where there was no indication that the court was considering imposing a sentence shorter than the presumptive term. As we have stated many times previously, this particular aggravator cannot be used to justify an enhanced sentence, but may only be used when the judge considers imposing a sentence shorter than the presumptive one. *Id.* at 929.

■ When a trial court improperly applies an aggravator but other valid aggravating circumstances exist, a sentence enhancement may still be upheld. *Id.* We further note that a single aggravating circumstance may serve to enhance a sentence. *Allen,* 722 N.E.2d at 1253. Thus, although the trial court improperly considered two of the four aggravating factors in determining Louallen's sentence, the remaining two proper aggravators are sufficient to enhance Louallen's sentence.

### B. *Manifestly Unreasonable Sentence*

■ We will not revise a sentence that is authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Allen,* 722 N.E.2d at 1250; Ind. Appellate Rule 17(B). As our appellate courts have stated numer-

ous times, the issue is not whether in our judgment the sentence is unreasonable, but whether it is "clearly, plainly, and obviously so." *Id.*

■ Louallen was convicted of child molesting, a Class C felony, and the court sentenced him to six years of incarceration. The sentence imposed upon Louallen is within the realm of a statutorily authorized sentence for a Class C felony. *See* Ind.Code § 35–50–2–6. Next, we must consider whether Louallen's sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

Louallen was found guilty of molesting a twelve-year-old girl. Although in his brief Louallen characterizes his act as only a "brief touching" and states that the "invasion was minimal," Appellant's Brief at pp. 8 and 11, the evidence paints a much different picture. The evidence demonstrates that Louallen befriended V.K.'s brother and then, when V.K.'s brother was absent for a few minutes, made crude comments to twelve-year-old V.K., attempted to kiss her on the lips, touched her inappropriately on the outside of her clothing, and attempted to remove her pants. The evidence also shows numerous episodes of criminal conduct in the past, as well as a pending probation violation at the time of this incident and past problems with alcohol abuse. Based upon the nature of this offense and the character of the offender, we conclude that Louallen's sentence is not manifestly unreasonable.

### CONCLUSION

Based upon the foregoing, we hold that the *mens rea* for the offense of child molesting is "intentionally," and we caution the courts of this State to instruct juries accordingly from this point forward. Notwithstanding our holding today, we do not find fundamental error with the court's

instruction in the instant case. Further, we find that, although the trial court utilized two improper aggravating factors, Louallen's sentence was properly enhanced and his sentence is not manifestly unreasonable.

Affirmed.

ROBB, J., concurs.

SULLIVAN, J., concurring with separate opinion.

SULLIVAN, Judge, concurring.

I agree with the majority that inclusion of the word "knowingly" in the culpability portion of the jury instruction concerning the crime of child molesting was error. I further agree that in this case the error was harmless. In the future, however, trial courts throughout this state should draw from this decision a warning against giving the Indiana Pattern Jury Instruction (Criminal) 3.33 or an instruction which closely tracks it.

For the reasons set forth by the majority herein, I also concur in the holding that the trial court did not err in subjecting the defendant to an enhanced six year executed sentence.

I further agree that Louallen is not entitled to reversal upon grounds that his voluntary intoxication could not be considered in its relationship to formulation of the requisite *mens rea*. I do so, however, because notwithstanding the long established and constitutionally founded principle set forth in *Terry v. State*, 465 N.E.2d 1085 (Ind.1984), the majority opinion in *Sanchez v. State*, 749 N.E.2d 509 (Ind. 2001) compels that conclusion. *But see Id.* (Sullivan, J., joined by Rucker, J., concurring).