**Randy LOUALLEN, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 58S05–0211–CR–613.

Supreme Court of Indiana.

Nov. 12, 2002.

Leanna Weissmann, Lawrencebug, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

### ON PETITION TO TRANSFER

SULLIVAN, Justice.

Defendant Randy Louallen was convicted of child molesting for fondling a 12 year old girl. He appeals the conviction, arguing that the trial court improperly instructed the jury that it could convict him if it found that he "knowingly" (rather than "intentionally") fondled the child. We find "knowing" conduct to have been the appropriate standard of culpability for this offense and affirm the trial court.

### Background

The evidence most favorable to the judgment indicates that on August 19, 2000, 12–year old V.K. went on a fishing trip with her family. During the trip, she befriended the Defendant. While alone with V.K. on the dock, the Defendant rubbed her "private area," moved his hand up her chest, "nibbled" on her chest and tried to kiss her on the lips. He attempted to pull

her pants down. V.K. resisted but the Defendant continued. He told V.K. that she had a "great body" and that he could "make her feel good." V.K. told her mother what had happened, and her mother called the police. When deputies arrived at the scene to investigate, they found the Defendant slumped in a chair and unresponsive. He reeked of alcohol, had bloodshot eyes, was unsteady on his feet, and his speech was slurred. The deputies concluded he was intoxicated.

The State charged Defendant with child molesting.[1] At trial, the court instructed the jury, in part:

> To convict the Defendant, the State must have proved each of the following elements beyond a reasonable doubt:
>
> The Defendant
>
> 1. *knowingly or intentionally*
> (a) performed any fondling or touching of [V.K.]
> (b) with the intent to arouse or satisfy the sexual desires of Randy S. Louallen
> 2. when [V.K.] was a child under fourteen (14) years of age.

Defendant was convicted and sentenced to six years.

Defendant appealed his conviction to the Indiana Court of Appeals, where he argued that the trial court committed fundamental error when it instructed the jury that he could be convicted of child molesting if it found that he committed the offense "knowingly." The Court of Appeals held that a conviction for child molesting required the level of mental culpability to be "intentional" and that it had been error for the trial court to instruct the jury that it could convict if it found Defendant's

conduct to be "knowing." *Louallen v. State*, 755 N.E.2d 672, 676 (Ind.Ct.App. 2001). However, the court found that the evidence at trial was such that there was no likelihood that Defendant was convicted on the basis of "knowing" rather than "intentional" misconduct. *Id.*

Defendant now requests that we adopt the conclusion of the Court of Appeals that the instruction was erroneous and then hold the error fundamental, thereby reversing his conviction.[2] We grant Defendant's Petition to Transfer but affirm the decision of the trial court.

### Discussion

We begin our discussion by pointing out that the Defendant has waived appellate review of the propriety of the challenged jury instruction because he failed to object at trial. *Lemos v. State*, 746 N.E.2d 972, 974 (Ind.2001). However, because the Court of Appeals addressed the claim as one of "fundamental error," we do so as well.

Indiana Code 35–42–4–3(b) provides in relevant part:

> A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

As set forth in *Background, supra*, the trial here instructed the jury:

> To convict the Defendant, the State must have proved each of the following elements beyond a reasonable doubt:
>
> The Defendant

1. Ind.Code § 35–42–4–3(b) (2000).

2. Defendant also challenges the propriety of his sentence. On this issue, we summarily affirm the position of the Court of Appeals pursuant to Indiana Appellate rule 58(A)(2).

1. *knowingly or intentionally*
   (a) performed any fondling or touching of [V.K.]
   (b) with the intent to arouse or satisfy the sexual desires of Randy S. Louallen
2. when [V.K.] was a child under fourteen (14) years of age.

The instruction identifies the mental culpability of "knowing or intentional" conduct as a requirement for conviction; no such language appears in the statute. Nevertheless, both the statute and the instruction require a finding of the existence of "intent to arouse or satisfy ... sexual desires."

What are we to make of the fact that, even though the statute does not require that any fondling or touching of the child be performed "knowingly or intentionally," the trial court instructed the jury that it was required to make such a finding in order to convict?

The State argues that the instruction was appropriate. In brief, its contention is that, even though the Legislature did not require any level of mental culpability, the courts have previously required one. And because the courts have never required a level of mental culpability more severe than "knowing," the State maintains, the instruction used by the trial court (which was the Pattern Jury Instruction promulgated by the Indiana Judicial Center for use in such circumstances) was appropriate.

Defendant, on the other hand, argues that the language in the statute requiring the fondling or touching to be performed "with the intent to arouse or satisfy ... sexual desires" has the effect of requiring that the fondling or touching element of the offense be performed "intentionally." His argument is that the statute establishes the level of mental culpability for the "arouse or satisfy ... sexual desires" element as "intentional" and that the Legislature has elsewhere (Ind.Code § 35–41–2–2(d)) provided that the same level of mental culpability is required for all elements of an offense unless the statute specifically provides otherwise.

Defendant's position on this issue was adopted by the Court of Appeals:

> Although the child molesting statute is silent as to a mens rea requirement, criminal intent is an element of the offense. *State v. J.D.,* 701 N.E.2d 908, 909 (Ind.Ct.App.1998), *trans. denied; Warren v. State,* 701 N.E.2d 902, 905 (Ind.Ct.App.1998), *trans. denied,* 714 N.E.2d 165 (1999). Our pattern jury instructions use "knowingly or intentionally" as the mens rea; however, our case law appears to have adopted only the mens rea of "intentionally." This adoption seems to be based, at least in part, on the wording of the child molesting statute which states *"with intent* to arouse or satisfy." (emphasis added). Moreover, Ind.Code § 35–41–2–2(d) states that: "[u]nless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct." Thus, the "intentional" requirement of the child molesting statute is applicable to the fondling or touching element, as well as to the element of arousing or satisfying sexual desires.

*Louallen,* 755 N.E.2d at 676. The bottom line following the Court of Appeals opinion in this case is that the words "knowingly or" must be deleted from the jury instruction used by the trial court. The jury must find that the defendant "intentionally" performed the alleged fondling or touching in order to convict.

We hold that this reading of the statute is incorrect. It is sufficient that a jury find that a defendant "knowingly" performed the alleged fondling or touching in order to convict.[3]

The Indiana Code is replete with examples which suggest that the Legislature intended for it to be possible for defendants in sex crimes prosecutions to be convicted for either their knowing or intentional actions. Ind.Code § 35–42–4–1 ("knowingly or intentionally" committing rape); Ind.Code § 35–42–4–2 ("knowingly or intentionally" committing deviate conduct); Ind.Code § 35–42–4–4 ("knowingly or intentionally" exploiting children through the production of child pornography). In Ind.Code § 35–42–4–5, a separate but closely related "touching or fondling with the intent to gratify" statute, the Legislature specifically mandates: "(a) A person eighteen (18) years of age or older who knowingly or intentionally directs, aids, induces, or causes a child under the age of sixteen (16) to touch or fondle himself or another child under the age of sixteen (16) with intent to arouse or satisfy the sexual desires of a child or the older person commits vicarious sexual gratification, a Class D felony." Ind.Code § 35–42–4–6 similarly states; "A person eighteen (18) years of age or older who knowingly or intentionally solicits a child under fourteen (14) years of age to engage in: ... (3) any fondling or touching intended to arouse or satisfy the sexual desires of either the child or other person; commits child solicitation, a Class D felony." The offense charged here stands in sharp contrast to these provisions in not having mental culpability language.

We conclude from this comparison of sex offenses generally with the one charged here that the Legislature intended that it to be unnecessary for the State to prove that the alleged fondling or touching was performed with any level of mental culpability whatsoever in order to obtain a conviction. But we and the Court of Appeals have nevertheless long held that criminal intent is an element of the offense. *Snider v. State*, 468 N.E.2d 1037, 1039 (Ind.1984); *Newton v. State*, 456 N.E.2d 736, 745 n. 1 (Ind.Ct.App.1983). And neither court has ever held that a level of mental culpability more severe than "knowing" was required in this regard. *See Cardwell v. State*, 516 N.E.2d 1083, 1087 (Ind.Ct.App.1987) ("[T]he question is whether the instructions, when read together as a whole, informed the jury that Cardwell's conduct must have been knowing or intentional in order for him to be guilty of child molesting."). Indeed, *State v. Keihn*, 542 N.E.2d 963, 967, 968 (Ind.1989), stands for the proposition that where the Legislature fails to specify a level of mental culpability with respect to an offense, a level of mental culpability at least as severe as "knowing" will be presumed to be required.

Both the Court of Appeals and Defendant rely heavily on Ind.Code § 35–41–2–2(d) which provides:

> Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct.

Because the child molesting statute requires the jury to find, with respect to the element of "arouse or satisfy ... sexual

---

**3.** The Court of Appeals has followed its opinion in Louallen on this issue in two subsequent cases, holding that the respective trial courts committed error (though not fundamental error, as the appellants claimed) by giving the same instruction given here. *See* *Bear v. State*, 772 N.E.2d 413, 420 n. 6 (Ind.Ct.App.2002), *transfer denied; Scott v. State*, 771 N.E.2d 718, 728 (Ind.Ct.App.2002), *transfer denied*, 2002 Ind. Lexis 799 (2002). We disapprove *Bear* and *Scott* on this issue.

desires," defendant acted intentionally, the Court of Appeals and Defendant reason that Ind.Code § 35–41–2–2(d) requires "intentional" mental culpability with respect to every element of the child molesting offense. But the language of Ind.Code § 35–41–2–2(d) simply does not support this construction. Ind.Code § 35–41–2–2(d) requires that the level of mental culpability required for commission of the offense itself is required with respect to every element of the offense. Here, as we have seen, an "intentional" mental state is not required by the child molesting statute for commission of the offense, only for a single element of the offense. There is nothing in Ind.Code § 35–41–2–2(d) to suggest that the Legislature intended it to work in the opposite direction than it is written, *i.e.*, nothing to suggest that the Legislature intended that if a kind of culpability is required for one (but only one) material element of the prohibited conduct, it is required for commission of the offense and every material element of it. *Compare Walker v. State*, 668 N.E.2d 243 (Ind. 1996) (Ind.Code § 35–41–2–2(d) not applied).

The trial court did not err when it instructed the jury that the defendant could be convicted under Ind.Code § 35–42–4–3(b) for "knowingly or intentionally" fondling or touching a child with intent to arouse or gratify himself or the child.

### Conclusion

We grant transfer pursuant to Ind. Appellate Rule 58(A), summarily affirm the opinion of the Court of Appeals as the issue discussed in footnote 2, and affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.