## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 26 2019, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Delonce Williams II, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | April 26, 2019 <br><br> Court of Appeals Case No. 18A-CR-2222 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Lisa F. Borges, Judge <br><br> Trial Court Cause No. 49G04-1706-F3-21502 |

**Brown, Judge.**

[1] Delonce Williams II appeals his conviction for attempted child molesting as a level 3 felony. Williams raises one issue which we revise and restate as whether the trial court committed fundamental error in instructing the jury. We affirm.

### *Facts and Procedural History*

[2] Williams's mother cared for G.W. while G.W.'s mother was at work. On one occasion when G.W. was younger than nine years old, Williams placed his wallet in his pocket and told G.W. to find it. G.W., with her eyes closed, used her hands to find Williams's wallet. G.W. said she had found it, and Williams replied that it was just money in his pocket, moved her hand toward his penis, and made her touch his penis over his clothes. On another occasion, Williams told G.W. to lean over, and she complied. Williams pulled down G.W.'s pants and placed his penis in her bottom. Williams removed his penis, leaned on a bed, and looked out a window to make sure that no one was coming. Williams leaned over the bed, "took [G.W.'s] head" and "pushed it down to his private part," and said "Suck it," and G.W. said "No." Transcript Volume 2 at 52. Williams's penis touched G.W.'s lips but did not enter her mouth.

[3] The State charged Williams with: Count I, attempted child molesting as a level 3 felony; Count II, child molesting as a level 3 felony; Count III, child molesting as a level 4 felony; and Count IV, child molesting as a level 4 felony. At Williams's jury trial, the trial court gave Instruction No. 5A regarding the crime of attempted child molesting. The State dismissed Count II, and the jury found Williams guilty of Counts I, III, and IV. The court sentenced Williams to an aggregate term of nine years with four years suspended.

## *Discussion*

[4]     The issue is whether the trial court committed fundamental error in instructing the jury regarding the crime of attempted child molesting.[1] Instruction No. 5A provided:

> The crime of Child Molesting is defined by law as a person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or other sexual conduct, commits child molesting, a Level 3 Felony. A person attempts to commit Child Molesting when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the Child Molesting. The crime of Attempted Child Molesting, as charged in Count I, is a Level 3 Felony.
>
> Before you may convict the Defendant, the State must prove each of the following beyond a reasonable doubt:
>
>> 1. The Defendant, Delonce Williams II
>>
>> 2. acting intentionally or knowingly with the culpability required to commit the crime of Child Molesting, which is defined as:
>>
>>> A. The Defendant
>>>
>>> B. when [G.W.] was a child under fourteen (14) years of age
>>>
>>> C. knowingly or intentionally
>>>
>>> D. performed or submitted to other sexual conduct

---

[1] Williams does not present argument as to his other convictions.

E. with [G.W.]

3. did lay down on the bed, pulled down his pants, grabbed [G.W.'s] head and pulled it towards his penis

4. which was conduct constituting a substantial step toward the commission of the crime of Child Molesting.

If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of the crime of Attempted Child Molesting, a Level 3 Felony, charged in Count I.

Appellant's Appendix Volume II at 124.

[5] Williams asserts that Instruction Number 5A "did not state, as it should have, that in order to prove [him] guilty, the evidence must show beyond a reasonable doubt that he attempted to 'intentionally' commit child molesting" and that, "[i]nstead, it said merely that the evidence must show that he attempted to 'knowingly or intentionally' commit the crime." Appellant's Brief at 12-13. He asserts the instruction was fundamentally erroneous. The State responds that Williams failed to object to the jury instructions at trial and that the challenged instruction was proper and did not mislead the jury as to a correct understanding of the law.

[6] Williams does not point to the record to show that he objected to Instruction No. 5A or offered an alternative instruction. Williams has waived his claim. *See Baker v. State*, 948 N.E.2d 1169, 1178 (Ind. 2011) (observing the defendant had neither objected to the trial court's instruction nor offered an instruction of his own and accordingly waived the issue), *reh'g denied*. We will review an issue

that was waived at trial if we find fundamental error occurred. *Id.* In order to be fundamental, the error must be so prejudicial to the defendant's rights as to make a fair trial impossible. *Id*. In considering whether a claimed error denied the defendant a fair trial, we determine whether the resulting harm or potential for harm is substantial. *Id*. at 1178-1179.

[7] Ind. Code § 35-42-4-3(a) provides that a person who, with a child under fourteen years of age, knowingly or intentionally performs or submits to sexual intercourse or other sexual conduct commits child molesting, a level 3 felony. Other sexual conduct includes an act involving a sex organ of one person and the mouth of another person. *See* Ind. Code § 35-31.5-2-221.5. Ind. Code § 35-41-5-1(a) provides in part: "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, the person engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same level or class as the crime attempted." "[T]he culpability requirement of the child molesting statute is 'knowingly or intentionally.'" *Amphonephong v. State*, 32 N.E.3d 825, 832-833 (Ind. Ct. App. 2015) (citing *Louallen v. State*, 778 N.E.2d 794, 798 (Ind. 2002)). The instruction challenged by Williams provided that "[a] person attempts to commit Child Molesting when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step towards commission of the Child Molesting." Appellant's Appendix Volume II at 124. The instruction further provided that the State was required to prove that Williams "acting intentionally or knowingly with the culpability required to

commit the crime of Child Molesting, which is defined as: . . . knowingly or intentionally . . . performed or submitted to other sexual conduct . . . grabbed [G.W.'s] head and pulled it towards his penis . . . ." *Id.* The instruction is not inconsistent with the culpability provisions of Ind. Code § 35-41-5-1 or Ind. Code § 35-42-4-3 and did not result in an unfair trial.[2] Williams has not demonstrated that the trial court, in giving Instruction No. 5A, committed fundamental error.

[8] For the foregoing reasons, we affirm.

[9] Affirmed.

May, J., and Mathias, J., concur.

---

[2] To the extent Williams argues the instruction should have stated that the evidence must show that he attempted to intentionally commit child molesting, reversal is not warranted on that basis. *See Noble v. State*, 725 N.E.2d 842, 845 (Ind. 2000) ("[T]o establish attempted child molesting, the State must prove that Noble knowingly or intentionally attempted to commit child molesting, and engaged in an overt act constituting a substantial step toward the commission of the crime. *Richeson v. State*, 704 N.E.2d 1008 (Ind. 1998) (specific intent not required in attempt crimes other than murder); *Ward v. State*, 528 N.E.2d 52, 54 (Ind. 1988) (elements of attempted child molesting)").