**Foster R. MILLIGAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 14A05–0403–CR–166.**

Court of Appeals of Indiana.

Dec. 14, 2004.

---

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Stephen Tesmer, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Foster R. Milligan appeals his sentence for class C felony battery resulting in serious bodily injury.[1] We remand.

### Issue[2]

Milligan presents one issue for our review, which we restate as whether his sentence violates the Sixth Amendment.

### Facts and Procedural History

On March 30, 2003, Janet Chestnut was caring for her ten-year-old mentally challenged granddaughter, C.M., while her daughter, Kim Milligan ("Kim"), was out of town. Milligan, Kim's husband, went to the home of his in-laws to visit C.M. Shortly after Milligan arrived, C.M. awoke from a nap. Milligan reprimanded her for not coloring in school and told her that he was going to beat her "f* * *ing ass." Tr. at 110. Chestnut intervened, and Milligan and Chestnut argued.

The next day, Milligan returned to the home of his in-laws to pick up C.M. Chestnut, who was feeding C.M. dinner,

---

1. Ind.Code § 35–42–2–1(a)(3).

2. Because we remand for resentencing, we do not address Milligan's alternative arguments that the trial court improperly enhanced his sentence and that the sentence is inappropriate.

told him that she would get C.M. ready to leave and that he was not welcome. Milligan told Chestnut that he wanted his "f* * *ing daughter." They argued, and the argument escalated when Milligan approached Chestnut, called her a "b* *ch," and threatened to break her neck. *Id.* at 27, 99, 111. Chestnut asked Milligan to leave, and he refused. Ivis Chestnut ("Ivis"), Chestnut's seventy-five-year-old husband, intervened, grabbed Milligan's coat, and tried to move him toward the front door. Milligan shoved Ivis onto a coffee table, and he fell to the floor. A scuffle ensued, and Ivis sustained cuts, bruises, and extensive swelling to his lower back. Afterwards, Ivis was unable to walk and had to be transported to the hospital for treatment of a hematoma.[3] After the incident, Milligan called the home of his in-laws and threatened to kill Ivis. *Id.* at 28. Later, police officers attempted to arrest Milligan at his home. Milligan resisted arrest and hit three officers.

On April 3, 2003, the State charged Milligan with class C felony battery resulting in serious bodily injury, three counts of class A misdemeanor battery,[4] and class A misdemeanor trespass.[5] On October 21, 2003, Milligan pled guilty to class C felony battery resulting in serious bodily injury and one count of class A misdemeanor battery. The State dismissed the remaining charges. On January 30, 2004, the trial court accepted the plea agreement and sentenced Milligan to six years of incarceration with two years suspended on the class C felony battery and one year of incarceration executed on the class A misdemeanor battery, to be served concurrently. Milligan now appeals.

**Discussion and Decision**

Milligan contends that the sentence imposed by the trial court violates the Sixth Amendment, under the rule announced in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to have the facts supporting the enhancement of a sentence "beyond the statutory maximum" tried to a jury or admitted by the defendant. In response, the State maintains that Milligan waived this argument because he failed to object at the sentencing hearing that he had a right to have a jury determine all facts legally essential to his sentence.

In 2000, the United States Supreme Court decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Recently, the United States Supreme Court decided *Blakely* to clarify what constitutes the "prescribed maximum sentence." *Blakely,* —— U.S. at ——, 124 S.Ct. at 2536. The Supreme Court held that the Sixth Amendment requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase the sentence for a crime above the presumptive sentence assigned by the legislature. *Id.* at 2538. The Supreme Court explained that the relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant. *Id.* at 2537.

---

3. A hematoma is a localized swelling filled with blood. The American Heritage Dictionary 391 (3rd ed.1994).

4. Ind.Code § 35–42–2–1(a)(1)(B).

5. Ind.Code § 35–43–2–2–(a)(1).

### A. Waiver

A panel of this court recently addressed a similar waiver argument by the State and explained why the defendant has not waived his argument:

> [T]he "statutory maximum" as used by the United States Supreme Court in its 2000 *Apprendi* decision is different from that redefined in the 2004 *Blakely* decision. Indeed, in *Apprendi*, the statutory maximum was the ten-year prescribed statutory maximum, which a defendant could receive for a second-degree offense *if* the preponderance of certain aggravating and mitigating circumstances, as found by the trial court, weighed in favor of the higher term. By contrast, in *Blakely*, the "statutory maximum" is the maximum sentence that a trial judge may impose without any additional findings, i.e., the presumptive or standard sentence. Because *Blakely* redefined the "statutory maximum" for purposes of *Apprendi*, a defendant ... who challenges his enhanced sentence but fails to do so on grounds of *Apprendi* has not waived his argument pursuant to *Blakely*.

*Strong v. State*, 817 N.E.2d 256 (Ind.Ct. App.2004). Accordingly, we find no waiver.

### B. Sixth Amendment

Milligan was convicted of class C felony battery resulting in serious bodily injury. The presumptive sentence, i.e., the statutory maximum, for a class C felony is four years, and up to four years may be added if aggravating circumstances are present. Ind.Code § 35–50–2–6. The trial court sentenced Milligan to six years, suspended two years to probation, and ordered that he enroll in and complete anger management as a condition of probation.

In support of its sentence, the trial court found several aggravating factors, including: (1) the age of the victim; (2) that the altercation took place in the presence of Milligan's ten-year-old daughter; and (3) that the imposition of a reduced sentence is not appropriate because Milligan needs rehabilitation. Despite the State's assertions to the contrary,[6] Milligan did not admit the first two aggravators. A fact that is not admitted by the defendant or found by a jury, but used by the trial court to enhance a sentence, runs afoul of the constitutional requirements of *Blakely/Apprendi*. If Milligan had admitted the victim's age or that the altercation took place in the presence of his young daughter, we would not disturb his sentence. *See* Ind. Appellate Rule 7(B) (providing that the Court may revise a sentence authorized by statute if the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender). However, because Milligan's sentence was enhanced based on aggravating factors that were not admitted by him or found by a jury, we are constrained by *Blakely* and must vacate his sentence and remand for further proceedings consistent with this opinion.

Remanded.

RILEY, J., and VAIDIK, J., concur.

---

**6.** The State's references to the transcript do not support its assertions that Milligan admitted the victim's age. We remind the State's counsel of his duty of candor toward the tribunal. *See* Ind. Professional Conduct Rule 3.3.