Larry PENNINGTON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0404–CR–309.

Court of Appeals of Indiana.

Feb. 4, 2005.

Ellen M. O'Connor, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Maureen Ann Bartolo, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RATLIFF, Senior Judge.

## STATEMENT OF THE CASE

Defendant–Appellant Larry Pennington appeals the sentence he received for his conviction of the Class D felony offense of operating a motor vehicle while intoxicated with a previous conviction within five years. Ind.Code § 9–30–5–3. He was sentenced to a term of three years, with six months suspended.

We affirm.

## ISSUES

Pennington presents two issues for our review, which we restate as:

I. Whether Pennington's sentence is inappropriate pursuant to Ind. Appellate Rule 7(B).

II. Whether Pennington's sentence violates his constitutional rights as set forth in *Blakely v. Washington.*

## FACTS AND PROCEDURAL HISTORY

In July 2002, Pennington was driving while intoxicated. He was arrested and charged with this offense. A jury found him guilty of driving a motor vehicle while intoxicated as a Class C misdemeanor pursuant to Ind.Code § 9–30–5–1. Pennington then pleaded guilty to the enhanced charge of driving a motor vehicle while intoxicated with a previous conviction of operating while intoxicated within the last five years. This resulted in a conviction of operating while intoxicated as a Class D felony pursuant to Ind.Code § 9–30–5–3. The trial court sentenced Pennington on this charge to three years, with six months suspended. It is from this sentence that he now appeals.

## DISCUSSION AND DECISION

### I. INAPPROPRIATE SENTENCE

Pennington first contends that his sentence is inappropriate pursuant to Ind. Appellate Rule 7(B). Specifically, he argues that the trial court failed to properly set forth his criminal history as an aggravating circumstance; that the trial court used other aggravating circumstances which were not sufficient to enhance his sentence; that the court should have afforded more weight to the one mitigator

that it found; and that the trial court overlooked significant mitigating circumstances.

### A. Aggravating Circumstances

■ Under Article VII, Section 6 of the Indiana Constitution, we have the constitutional authority to review and revise sentences. However, we will not do so unless the sentence imposed is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Our review under Appellate Rule 7(B) is extremely deferential to the trial court. *Martin v. State*, 784 N.E.2d 997, 1013 (Ind.Ct.App.2003), *reh'g denied*. The "nature of the offense" refers to the statutory presumptive sentence for the class of crimes to which the offense belongs. *Id.* Thus, the presumptive sentence is the starting point in our consideration of the appropriate sentence for the crime committed. *Id.* The "character of the offender" refers to the general sentencing considerations under Ind.Code § 35–38–1–7.1(a), the balancing of the aggravating and mitigating factors under Ind.Code § 35–38–1–7.1(b) and (c), and the other factors left to the trial court's discretion under Ind.Code § 35–38–1–7.1(d). *Id.*

■ Additionally, if a trial court imposes a sentence based upon aggravating or mitigating circumstances, it must include in the record a statement of its reasons for selecting a particular sentence. Ind.Code § 35–38–1–3. The following elements must be included in the court's sentencing statement: (1) all significant aggravating and mitigating circumstances; (2) the reason why each circumstance is determined to be mitigating or aggravating; and (3) a demonstration that the mitigating and aggravating circumstances have been evaluated and balanced. *Allen v. State*, 722 N.E.2d 1246, 1250–51 (Ind.Ct.App.2000).

In the present case, Pennington was convicted of a Class D felony. The pre-sumptive sentence for a Class D felony is one and one-half years, with the maximum sentence being three years and the minimum sentence being six months. Ind. Code § 35–50–2–7. Pursuant to Ind.Code § 35–38–1–7.1(a), the trial court must consider, among other things, the nature and circumstances of the crime committed and the defendant's criminal history. Here, the conviction was for an alcohol-related offense, and the court noted Pennington's lengthy criminal history which includes numerous alcohol-related offenses. However, Pennington asserts that the trial court failed to articulate the specific nature of his criminal history.

■ It is true that the greatly preferred and easily executed procedure, which the trial court did not employ in this case, is to recite the incidents comprising the criminal history when using that history as an aggravating circumstance to support an enhanced sentence. *Battles v. State*, 688 N.E.2d 1230, 1235 (Ind.1997). Further, we have determined that merely stating that the defendant has a criminal history is conclusory; instead, the "criminal history" aggravator must be substantiated by specific facts. *Mayes v. State*, 744 N.E.2d 390, 396 (Ind.2001) (*citing Hammons v. State*, 493 N.E.2d 1250, 1254 (Ind.1986)). In *Mayes*, the court determined that the statement of reasons for enhancing Mayes' sentences was deficient because the reference to his prior criminal history was not sufficiently individualized. Interestingly, however, the court found that the deficiency did not necessitate remand to articulate the specific facts because it was readily apparent from the presentence report and the prosecutor's comments in the record that Mayes had a relevant prior felony conviction. Moreover, this Court has stated that in non-death penalty cases it is sufficient if the trial court's reasons for enhancement are clear from a review of

the sentencing transcript. *Berry v. State*, 819 N.E.2d 443, 453 (Ind.Ct.App.2004), *trans. pending* (*citing Day v. State*, 669 N.E.2d 1072, 1073 (Ind.Ct.App.1996)).

■ By reviewing the sentencing transcript and the trial court's sentencing statement in the instant case, we are able to conclude that although the trial court did not sufficiently articulate the information, the court did engage in the underlying evaluative process as required by Ind. Code § 35–38–1–3. The court referred to Pennington's presentence report at the sentencing hearing, and Pennington's counsel informed the court that Pennington had been given a copy of the report and had noted no errors. The presentence report contained Pennington's criminal history which clearly revealed pending felony and misdemeanor charges, as well as numerous felony and misdemeanor convictions. Most of these convictions are alcohol-related, commencing in the 1970's and continuing to the present. At the sentencing hearing, the State pointed to Pennington's extensive criminal history, and Pennington himself commented on his "lengthy history," as well as his inability to quit drinking. Tr. at 66. Indeed, Pennington's counsel stated to the court that Pennington's "history does make up for any mitigating factors" and that "[i]t is very difficult to even disagree with the State's recommendation based on his history . . . ." Tr. at 69. In sentencing Pennington, the court noted that his history was "remarkable [with regard to] the amount and duration of it" and that it contained "[n]umerous alcohol and drug related convictions." Tr. at 71. Although the court did not sufficiently articulate the individual incidents of Pennington's criminal history, his lengthy history, particularly with alcohol-related offenses, was apparent from the presentence report, as well as from the comments of all those involved in the sentencing hearing. Thus, we are satisfied of the court's awareness of the individual occurrences that comprised Pennington's history, in addition to its performance of the required process of evaluating and balancing. The court properly enhanced Pennington's sentence based upon the prior convictions aggravator. *See id.* (holding that even though trial court did not detail defendant's criminal history, court's sentencing statement and sentencing transcript sufficiently supported court's decision to enhance defendant's sentence).

■ Pennington further claims that the trial court cited other aggravators that he asserts "do not qualify as egregious or heinous facts" which would justify an enhanced sentence. The three circumstances discussed by Pennington are his refusal to submit to a portable breath test ("PBT"), the discovery of an alcohol bottle in his vehicle, and his unsuccessful attempts at rehabilitation. The trial court unequivocally stated that the aggravating factor in sentencing Pennington was his criminal history. The court did mention the circumstances of the PBT refusal and the alcohol bottle, but in doing so, it stated that they were "not significant." Tr. at 71. It also referred to Pennington's failed attempts at alcohol rehabilitation as it was outlined in the presentence report. The transcript reveals that the judge was reviewing the documents before him, namely the presentence report, and that he engaged in a frank discussion with Pennington about his failed attempts at treatment. Thus, the transcript and the court's sentencing statement disclose that the court did not use these circumstances as aggravating factors, but rather that it was merely discussing Pennington's history as it was set forth in the presentence report. The court's discussion of these matters merely amounts to commentary on the

circumstances surrounding this offense. We find no error.

### B. Mitigating Circumstances

 With respect to mitigating factors, it is within a trial court's discretion to determine both the existence and the weight of a significant mitigating circumstance. *Allen,* 722 N.E.2d at 1251. Given this discretion, only when there is substantial evidence in the record of significant mitigating circumstances will we conclude that the sentencing court has abused its discretion by overlooking a mitigating circumstance. *Id.* Although the court must consider evidence of mitigating factors presented · by a defendant, it is neither required to find that any mitigating circumstances actually exist, nor is it obligated to explain why it has found that certain circumstances are not sufficiently mitigating. *Id.* at 1252. Additionally, the court is not compelled to credit mitigating factors in the same manner as would the defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating circumstance requires the defendant on appeal to establish that the mitigating evidence is both significant *and* clearly supported by the record. *Powell v. State,* 751 N.E.2d 311, 315 (Ind.Ct.App.2001).

 Pennington acknowledges that the court found his medical condition as a mitigating circumstance in sentencing him, but he states the court should have afforded this factor more weight. The transcript discloses that Pennington has hepatitis and that his plan of treatment was disrupted by his incarceration. We first note that it is Pennington's own actions that caused him to be incarcerated and thus disrupted his treatment. Further, the court was not required to assign the same weight to the mitigating factor as did Pennington. *See Allen,* 722 N.E.2d at 1252. However, the court was concerned about this matter. In

sentencing Pennington, the court stated that "in the D.O.C. [Department of Correction] at least they will have medical treatment and that is something you haven't had access to. So that will be a help to you." Tr. at 72–73. The court properly weighed and balanced the aggravating and mitigating circumstances.

As his final claim that his sentence is inappropriate, Pennington contends that the trial court overlooked certain other mitigating factors. In particular, he cites to his honorable military service, his remorse for his actions, and his desire to quit drinking. However, Pennington concedes in his brief that he did not raise these mitigating circumstances in the trial court, but he avers that they are clearly supported in the record.

 Pennington has waived this claim. A defendant who fails to raise proposed mitigators at the trial court level is precluded from advancing them for the first time on appeal. *Bennett v. State,* 813 N.E.2d 335, 338 (Ind.Ct.App.2004). Waiver notwithstanding, Pennington's argument still fails. Pennington's argument on this issue in his brief to this Court consists merely of the statement that the trial court overlooked these proposed mitigating factors. This does not rise to the level of proof needed to show that the proposed mitigating circumstance is both significant *and* clearly supported in the record. *See Powell,* 751 N.E.2d at 315.

### II. *BLAKELY* ISSUE

Next, Pennington claims that his sentence violates his constitutional rights as set forth in the recent United States Supreme Court decision of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Particularly, Pennington asserts that his sentence is indicative of punishment in excess of a sentence that would be imposed for the crime with

which he was charged and convicted. In support of this assertion, Pennington claims that the trial court improperly considered his refusal to submit to a portable breath test ("PBT"), the discovery of an alcohol bottle in his vehicle, his unsuccessful attempts at rehabilitation, and his criminal history in imposing an enhanced sentence.

As predicted, the decision of *Blakely v. Washington* set in motion a flurry of judicial activity. *Blakely* applies the rule previously set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) which requires that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 2536. *Blakely* further instructs that "[t]he relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 2537.

In the present case, Pennington asserts a violation of his constitutional rights because he claims that the trial court based his enhanced sentence upon factors neither submitted to and determined by a jury nor admitted by him. However, as we determined above, there is no validity to Pennington's allegation that the trial court improperly enhanced his sentence using the factors of his refusal to submit to a PBT, the discovery of an alcohol bottle in his vehicle, and his unsuccessful attempts at rehabilitation. Thus, as these factors were not used to aggravate Pennington's sentence, they need not be determined by a jury or admitted by Pennington, and therefore there has been no *Blakely* violation with regard to these matters.

The second prong of Pennington's *Blakely* argument stems from the trial court's failure to sufficiently individualize the occurrences of Pennington's past criminal conduct upon which it relied in enhancing Pennington's sentence. As stated in *Apprendi*, and further clarified by *Blakely* and its progeny, the prior convictions aggravator is exempt from the *Apprendi* rule. *See id.* at 2536; *see also Carson v. State*, 813 N.E.2d 1187 (Ind.Ct. App.2004), *opinion on reh'g* (holding that sentence enhancement based upon aggravator of criminal history did not violate *Blakely* because criminal history aggravator is exempt from rule of *Apprendi* ). We determined in section I., above, that although the court failed to detail the individual incidents of Pennington's criminal history, the presentence report as well as the comments made at the sentencing hearing make it clear that the court was aware of the individual occurrences of Pennington's voluminous history of alcohol-related offenses that spans thirty years. Therefore, having determined that the prior convictions aggravator was properly used to enhance Pennington's sentence and in light of the exemption of the prior convictions aggravator from the *Apprendi* rule, we conclude there has been no *Blakely* violation.

In its brief, the State raises two *Blakely*-related arguments which we believe need to be addressed. First, the State contends that Pennington has waived any Sixth Amendment/ *Blakely* issues because he failed to object at his sentencing hearing. We disagree and call the State's attention to *Strong v. State*, 817 N.E.2d 256 (Ind.Ct.App.2004), *clarified on reh'g*, 820 N.E.2d 688 (2005) and *Williams v. State*, 818 N.E.2d 970 (Ind.Ct.App.2004), *trans. pending*. In *Strong*, this Court stated that the defendant's failure to object to his enhanced sentence at the trial

level, by itself, does not constitute waiver. The right involved in the *Apprendi* and *Blakely* challenges is the right to a trial by jury. The *Strong* court explained that this right is a fundamental right guaranteed by the Sixth Amendment of the federal Constitution and by Article 1, Section 13 of the Indiana Constitution and is subject to a knowing, intelligent, and voluntary waiver. A defendant's failure to object does not amount to this type of waiver. *Strong*, 817 N.E.2d at 260–61.

Additionally, in *Williams*, a panel of this Court stated very clearly that because defendant Williams was sentenced prior to the United States Supreme Court issuing its opinion in *Blakely*, Williams did not waive the challenge to his sentence pursuant to *Blakely*. Similarly, in the present case Pennington was sentenced on March 9, 2004, and *Blakely* was not decided until June 24, 2004. Therefore, Pennington did not waive his challenge to his sentence under *Blakely* merely by failing to object at sentencing. Further, this issue is not waived because *Blakely* was not yet decided at the time Pennington was sentenced.

Furthermore, the State avers that even if Pennington could not object at sentencing based upon *Blakely*, he should have objected based upon *Apprendi* and that if he failed to object based upon *Apprendi*, his claim is waived. Again, we disagree based on recent decisions of this Court. In *Strong*, we held that because the term "statutory maximum" as used in *Apprendi* was redefined in *Blakely*, a defendant who challenges his enhanced sentence but fails to do so on grounds of *Apprendi* has not waived his argument pursuant to *Blakely*. This line of reasoning was reaffirmed by another panel of this Court in *Milligan v. State*, 819 N.E.2d 115 (Ind.Ct.App.2004). Consequently, there has been no waiver.

■ Secondly, the State asserts that, waiver notwithstanding, Indiana's sentenc-

ing scheme is not implicated by *Blakely* and therefore does not affect Pennington's sentence. Based upon recent precedent of this Court, we hold that *Blakely* does apply to Indiana's sentencing scheme. *See Berry*, 819 N.E.2d at 454–56 and *Strong*, 817 N.E.2d at 261–62.

### CONCLUSION

Based upon the foregoing, we conclude that Pennington's sentence was appropriate and that the trial court properly enhanced his sentence using his criminal history as an aggravator and finding no other circumstances to be aggravating. In addition, the court afforded proper weight to the single mitigating circumstance that it found and did not overlook other mitigators as suggested by Pennington. Finally, there was no *Blakely* violation. As to the State's allegations, we conclude that Pennington did not waive his *Blakely* claim and that *Blakely* does implicate Indiana's sentencing scheme.

Affirmed.

FRIEDLANDER, J., concurs.

BARNES, J., concurs in result.