**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 25 2013, 6:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RYAN W. TANSELLE**
Capper Tulley & Reimondo
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONALD R. SMITTY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  32A05-1212-CR-610 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Karen M. Love, Judge
Cause No. 32D03-1103-FC-42

**July 25, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The appellant-defendant Donald R. Smitty has amassed eleven prior convictions for driving while intoxicated and six prior convictions for public intoxication. In this case, he appeals the sentence that was imposed following yet another conviction for Operating While Intoxicated Causing Endangerment,[1] a class A misdemeanor, and the determination that he was a Habitual Substance Offender.[2] Smitty argues that the trial court abused its discretion in sentencing him because several mitigating factors were overlooked, including his significant health problems and his inability to pay the mortgage on his residence if he was incarcerated. The State cross-appeals, arguing that the trial court erred in ordering a separate three-year sentence on the habitual substance offender count.

Although we affirm the trial court's judgment and sentence, we remand this cause to the trial court for the limited purpose of correcting the record to show that the operating while intoxicated charge is enhanced by the three-year sentence that was imposed in light of the habitual substance offender finding.

## FACTS

On March 9, 2011, Deputy Joshua D. Nohren of the Hendricks County Sheriff's Department stopped Smitty's green Ford Explorer after receiving a dispatch "in response to a possible intoxicated driver." Appellant's Br. p. 2. Prior to the stop, Officer Nohren saw Smitty make several unsafe lane changes.

---

[1] Ind. Code § 9-30-5-2(b).

[2] Ind. Code § 35-50-2-10.

The State charged Smitty with Count I, operating a motor vehicle after a lifetime forfeiture of his driving privileges, a class C felony, Count II, operating while intoxicated causing endangerment, a class A misdemeanor, and Count III, unsafe lane movement, a class C infraction.

On April 18, 2011, the State added Count IV, the habitual substance offender count, and on May 20, 2011, the State filed a motion to add Count V, operating a vehicle with a blood alcohol content of at least .15, a class A misdemeanor. The trial court granted the motion, and on November 5, 2012, Smitty and the State entered into a written plea agreement, which provided that Smitty would plead guilty to Counts II and IV in exchange for the dismissal of the remaining charges. The State also agreed that the executed portion of the sentence would not exceed four years.

The trial court accepted the plea agreement and during the sentencing hearing, the State pointed out that Smitty had a lengthy criminal history with six prior felonies and twenty-two prior misdemeanors. The deputy prosecutor commented that this was Smitty's twelfth conviction for operating while intoxicated. It was also established that Smitty had amassed six prior convictions for public intoxication. The State requested that Smitty serve a four-year sentence.

Smitty testified that he had cancer in his left lung, was undergoing radiation treatment, and was taking nine different medications. Smitty also testified that he was on disability and that he would lose his house to foreclosure if he went to prison. Smitty further testified that he cannot drink with his medications, he had been sober since 2006,

3

and the only reason that he drank on March 9, 2011, was because a close friend's son had died. Smitty requested that the trial court allow him to "sort out" the financial matters concerning his house before going to prison and testified that he had only two years of payments left to make on the residence. Tr. p. 30, 32. However, the State argued that Smitty should not be released prior to serving his prison sentence because he posed a significant danger to the public.

The trial court recognized Smitty's poor health as a mitigating circumstance. The trial court observed that the four-year cap on the executed sentence took this mitigating factor into account because three years was a minimal sentence on the habitual substance offender count, and treatment for Smitty's cancer would be available through the Indiana Department of Correction (DOC).

The trial court then noted Smitty's lengthy criminal history, including his previous probation violation. The trial court believed that Smitty was an alcoholic and agreed with the State that if Smitty was released prior to serving his sentence, there was a significant risk to the public that Smitty would again become intoxicated and drive.

The trial court sentenced Smitty to 365 days of incarceration for operating while intoxicated and to an additional three years for being a habitual substance offender. The trial court ordered the habitual substance offender sentence to be served consecutively to the sentence that was imposed on the operating charge.

Smitty now appeals.

4

DISCUSSION AND DECISION

As noted above, Smitty claims that the trial court abused its discretion in sentencing him to an aggregate term of four years in the DOC because it overlooked significant mitigating circumstances. More particularly, Smitty contends that the trial court should have identified his deteriorating health problems and his inability to work and pay toward the mortgage on his residence as significant mitigating factors.

We initially observe that sentencing decisions are reviewed only for an abuse of discretion except for the power to review and revise as set forth in Indiana Appellate Rule 7(B). Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. As long as the sentence is within the statutory range for the particular offense, we must determine only if there was an abuse of discretion. Id. An abuse of discretion exists if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

A trial court may be found to have abused its discretion at sentencing if it overlooks "substantial" mitigating factors that are "clearly supported by the record." Pennington v. State, 821 N.E.2d 899, 905 (Ind. Ct. App. 2005). However, when a defendant offers evidence of mitigating factors, the trial court may determine whether the factors are indeed mitigating, and it is not required to explain why it does not find the proffered factors to be mitigating. Johnson v. State, 855 N.E.2d 1014, 1016 (Ind. Ct. App. 2006). It is also within the trial court's discretion to determine the weight of a

particular mitigating circumstance. Pennington, 821 N.E.2d at 905. Thus, it cannot be said that a trial court has abused its discretion in failing to "properly weigh" such factors. Anglemyer, 868 N.E.2d at 491.

In this case, Smitty did not specifically raise the possibility of his inability to make payments on his residence as a mitigating factor at the sentencing hearing. As a result, the argument is waived. Bryant v. State, 984 N.E.2d 240, 252 (Ind. Ct. App. 2013), trans. denied. Rather, Smitty requested time to "sort out" some financial matters regarding his residence prior to going to prison. Tr. p. 30, 32.

Also, as mentioned above, the trial court denied Smitty additional time before serving his sentence based on Smitty's lengthy criminal record that involved alcohol offenses, the belief that Smitty was an alcoholic and that he was a danger to the public. The trial court also believed that Smitty would become intoxicated if he was released. Tr. p. 34-35. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying Smitty additional release time.

We also note the fact that Smitty's perceived inability to make house payments is not the type of unusual circumstances that would result in undue hardship if he was incarcerated. In our view, owning a home and making payments on it is akin to having dependents. More particularly, it is well settled that a trial court "is not required to find that a defendant's incarceration would result in undue hardship on his dependents," absent unique or special circumstances. Davis v. State, 835 N.E.2d 1102, 1116 (Ind. Ct. App. 2005). Under these circumstances, Smitty was likely aware of the very real

possibility that the resolution of his case would involve a prison sentence prior to the sentencing hearing, and he should have made arrangements for his house payments prior to that time.

Finally, we reject Smitty's contention that the trial court overlooked his cancer as a mitigating factor. In fact, the trial court noted Smitty's "health situation," and explained that the four-year cap on the executed sentence already took this mitigating circumstance into consideration. Tr. p. 815. Specifically, the sentence that the trial court imposed meant that Smitty would receive the minimum habitual substance offender enhancement. The trial court was aware of Smitty's medical problems and ordered him to serve his sentence at the DOC, primarily because of the availability of the health facilities there. Tr. p. 35. As a result, Smitty has failed to demonstrate that the trial court overlooked his health problems as a mitigating factor. Again, we will not review the relative weight or value assigned to the aggravating and mitigating circumstances that the trial court recognizes. Anglemyer, 868 N.E.2d at 491. In sum, we note that Smitty does not prevail on his claim that the trial court abused its discretion in sentencing him.

Regarding the State's cross-appeal, we agree that the trial court erred in ordering the sentence imposed on the habitual substance offender count to run consecutively to the operating while intoxicated causing endangerment conviction. Ind. Code § 35-50-2-10. We have previously recognized that a habitual substance offender finding is not a separate crime but an enhancement of the sentence for the underlying crime to which it is attached. Bauer v. State, 875 N.E.2d 744, 747 (Ind. Ct. App. 2007). Therefore, we

7

remand this cause for the trial court to correct the record to show that the sentence imposed on the habitual substance offender count was an enhancement to the sentence that was imposed on the driving while intoxicated conviction.

The judgment of the trial court is affirmed and remanded.

MAY, J., and MATHIAS, J., concur.