# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 11 2019, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth Wayne Wentworth, Jr., *Appellant-Defendant,* | July 11, 2019 |
| | Court of Appeals Case No. 19A-CR-270 |
| v. | Appeal from the Bartholomew Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable James D. Worton, Judge |
| | Trial Court Cause No. 03D01-1801-F2-94 |

**Altice, Judge.**

## Case Summary

[1] Kenneth Wentworth, Jr. pled guilty to Level 3 felony attempted robbery resulting in bodily injury and Class A misdemeanor battery resulting in bodily injury and was sentenced to an aggregate term of twelve years. On appeal, Wentworth challenges the sentence imposed.

[2] We affirm.

### Facts & Procedural History

[3] On January 1, 2018, twenty-eight-year-old Wentworth went to the emergency room at Columbus Regional Hospital (the Hospital) because he believed he was having a heart attack and he was hearing voices. Wentworth had used methamphetamine two days earlier. The voices in Wentworth's head were telling him "they were going [to] bulldoze [his] house down and kill [his] family." *Transcript Vol. II* at 26. Hospital staff wanted Wentworth to go to the stress center, but Wentworth "wigged out" and walked out of the Hospital to find a way home. *Id*. at 27.

[4] Lorrie Crouch and her grandson, Clayton Harris, were outside the Hospital moving Crouch's eighty-nine-year-old mother from Crouch's van to a wheelchair. Wentworth ran up and jumped in the front seat of Crouch's van and told her he was going to take it. All of the doors of the van remained open and Crouch jumped in the van through the front passenger door to try to stop Wentworth from stealing her vehicle. Wentworth slapped Crouch in the face and then drove in reverse, hitting Crouch's mother with the passenger door.

Wentworth then shifted the car into drive and hit three parked cars. Crouch was thrown from the van.

[5] After hitting the parked cars, Wentworth jumped out of the van and took off running. Harris gave chase and caught up with Wentworth after he crossed the street. Wentworth kicked Harris in the stomach, but Harris still managed to tackle him. Wentworth continued to fight as Harris held him to the ground until an officer arrived and took Wentworth into custody. When questioned by police, Wentworth initially stated that after walking out of the Hospital, he had "blacked out" and could not remember anything about the incident. *Appellant's Appendix Vol. 2* at 22. However, upon further questioning, Wentworth was capable of recalling the details of what had transpired.

[6] As a result of being thrown from the van, Crouch suffered a serious head injury, along with other injuries. Hospital staff tended to Crouch's injuries, but they were so severe that she had to be airlifted to IU Methodist Hospital in Indianapolis. Crouch survived but incurred over $200,000 in medical bills.

[7] On January 8, 2018, the State charged Wentworth with Count I, attempted robbery resulting in serious bodily injury as a Level 2 felony; Count II, attempted auto theft as a Level 6 felony; Count III, failure to remain at the scene of an accident with serious bodily injury as a Level 6 felony; Count IV, failure to remain at the scene of an accident with bodily injury as a Class A misdemeanor; and Count V, battery resulting in bodily injury as a Class A misdemeanor. After Wentworth filed a notice of insanity defense, the trial

court appointed two doctors to examine him for the purpose of determining his competence to stand trial. One doctor submitted his report to the court, stating that he believed Wentworth appreciated the wrongfulness of his conduct. He also stated that any mental deficiencies Wentworth may have had at the time of the offense were a "manifestation of methamphetamine intoxication." *Id*. at 70. The second doctor disagreed and found that Wentworth did not appreciate the wrongfulness of his conduct at the time of the offense. Both doctors, however, found Wentworth competent to stand trial.

[8] Thereafter, on November 28, 2018, Wentworth pled guilty pursuant to a plea agreement to a lesser included offense under Count I (attempted robbery resulting in serious bodily injury as a Level 3 felony) and Count V, and the State agreed to dismiss the remaining charges. The trial court held a sentencing hearing on January 8, 2019. After considering the evidence presented and arguments of counsel, the trial court sentenced Wentworth to twelve years for the Level 3 felony conviction and one year for his Class A misdemeanor conviction. The court ordered the sentences to be served concurrently for an aggregate sentence of twelve years. Wentworth now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[9] Wentworth couches his sentencing challenge as "[w]hether [his] sentence is inappropriate in light of the nature of the offense and the character of the offender." *Appellant's Brief* at 4. Aside from providing the standard of review

for such a challenge, he provides no authority or analysis on how the nature of the offense and his character render his sentence inappropriate. Wentworth has therefore waived review of his sentence pursuant to Ind. Appellate Rule 7(B). *See Sanders v. State*, 71 N.E.3d 839, 843-44 (Ind. Ct. App. 2017) (finding appellate review waived where defendant failed to present any authority or analysis on the issue of nature of the offense), *trans. denied*.

[10] The substance of Wentworth's argument on appeal is that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id*. (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. at 490-91.

[11] Initially, Wentworth asserts that the trial court did not afford sufficient mitigating weight to his mental health. However, because trial courts are no longer obligated to weigh aggravating and mitigating factors when imposing a

sentence, a trial court cannot be said to have abused its discretion in failing to properly weigh such factors. *Id*. at 491.

[12] In any event, we note that with regard to Wentworth's mental health, the trial court stated:

> I do find as a mitigator, the defendant's mental health, but I want to make a couple of notes there. And number one, and this is why I am finding this as a slight mitigator, instead of a significant mitigator. It's . . . because the defendant . . . chose to use illegal substances, in choosing methamphetamine and heroin . . . which can exacerbate those mental health symptoms and was not complying with the treatment recommendations of, what they had already given him, at the time. But I will, nonetheless he did try and obtain some help, for mental health, I will find that as a slight mitigator.

*Transcript Vol. II* at 40. We will not second guess the trial court in its assessment of Wentworth's mental health.

[13] Wentworth also argues that the trial court abused its discretion in failing to recognize that he accepted responsibility for his actions by pleading guilty.[1] Even though he did not raise his guilty plea as a mitigating factor before the sentencing court, this does not prevent him from raising the issue for the first time on appeal. *Anglemyer v. State*, 875 N.E.2d 218, 220 (Ind. 2007), *opinion on*

---

[1] In a similar vein, Wentworth argues that the trial court abused its discretion in failing to find his expression of remorse to be a significant mitigating factor. Wentworth, however, did not advance his remorse as a mitigating factor to the trial court, and a defendant who fails to propose mitigating circumstances at the trial level is precluded from advancing them on appeal. *See Pennington v. State*, 821 N.E.2d 899, 905 (Ind. Ct. App. 2005).

*reh'g*. A guilty plea is deserving of some mitigating weight; however, the significance of a guilty plea varies from case to case. *Id*. A guilty plea is not significantly mitigating where, for example, it fails to evince acceptance of responsibility or where the defendant receives a substantial benefit, including dismissal of other charges, in return for the plea. *Id*. at 221. A plea fails to demonstrate acceptance of responsibility where the decision to plead was "more likely the result of pragmatism than acceptance of responsibility and remorse." *Id*.

[14] Here, Wentworth's plea was nothing more than a pragmatic decision based on the overwhelming evidence of his guilt. His plea was for a Level 3 felony as a lesser included offense of the Level 2 felony initially charged and the State agreed to dismiss three charges, two of which were felonies. Wentworth has not established that the trial court abused its discretion in not identifying his guilty plea as a significant mitigating factor.

[15] Finally, Wentworth notes in his brief, without any argument, that this was his first felony conviction and that, although he was ultimately convicted of two Class B misdemeanors in other causes, those convictions were entered after the date of the current offense. In this regard, the trial court stated:

> The defendant does have a history of criminal delinquent behavior, even though the, the convictions might not have been logged in at the time, he did have pending charges and I don't find that as a significant aggravator, but I do find that as somewhat of an aggravator, that he does have a history of criminal delinquent behavior.

*Transcript Vol. II* at 40. We will not second guess the trial court's assessment of Wentworth's criminal history.

Judgment affirmed.

Kirsch, J. and Vaidik, C.J., concur.