# IN THE
# Court of Appeals of Indiana



FILED

Aug 30 2024, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



**Ivan Gerardo Casco-Canales,**

*Appellant-Defendant*

v.

**State of Indiana,**

*Appellee-Plaintiff*

---

August 30, 2024

Court of Appeals Case No.
24A-CR-760

Appeal from the Elkhart Superior Court

The Honorable Kristine A. Osterday, Judge

Trial Court Cause No.
20D01-2303-F3-12

---

**Opinion by Judge Pyle**
Judges May and Brown concur.

**Pyle, Judge.**

## Statement of the Case

Ivan Casco-Canales ("Casco-Canales") appeals, following a jury trial, the sentence imposed for his Level 3 felony rape conviction.[1] Casco-Canales argues that his sentence is inappropriate. Concluding that his sentence is not inappropriate, we affirm the trial court's judgment.

We affirm.

## Issue

Whether Casco-Canales' sentence is inappropriate.

## Facts

Casco-Canales and J.E. ("J.E.") are first cousins. About fifteen years ago, Casco-Canales and his mother lived with J.E. and her family. After roughly a year, Casco-Canales and his mother moved into their own home. From thereon, Casco-Canales and J.E. saw each other at holiday and family gatherings.

In June 2022, J.E. lived with her fiancé, her fourteen-year-old son G.E. ("G.E."), her eight-year-old daughter, and her three-year-old son. On the evening of June 23, 2022, J.E. invited Casco-Canales over to her home. J.E.'s fiancé regularly traveled for work and was not home that evening. Casco-

---

[1] IND. CODE § 35-42-4-1.

Canales arrived at J.E.'s house around 6:00 p.m. Casco-Canales brought alcohol and marijuana.

[5] Casco-Canales and J.E. sat at a table in the yard and drank alcohol. G.E. and the two younger children played with water balloons in the yard. Soon thereafter, the two younger children and G.E. went back inside to change clothes and dry off. J.E. and Casco-Canales remained outside and continued drinking. At some point, G.E. returned outside and sat at the table for another fifteen minutes. At this time, G.E. saw Casco-Canales smoke marijuana. Thereafter, G.E. returned inside and went upstairs to his room to play video games.

[6] A few hours later, G.E. returned downstairs when he heard the back door of the house open. G.E. saw that J.E. was "stumbling around" and had "trouble walking." (Tr. Vol. 2 at 147). G.E. also noticed that Casco-Canales was "slurring his speech[.]" (Tr. Vol. 2 at 147). G.E. helped J.E. into the guest bedroom and helped her get into bed. Casco-Canales went to sleep on the couch in the living room. G.E. went back upstairs to his bedroom and continued playing video games or watching television.

[7] Later that evening, G.E. returned downstairs to use the bathroom. G.E. noticed that Casco-Canales was no longer sleeping on the couch. G.E. looked out of a window and saw that Casco-Canales' car was still outside. G.E. heard a "thumping" noise coming from the guest bedroom and saw that the guest bedroom door was cracked open. G.E. opened the door and saw Casco-

Canales having sex with J.E. G.E. noticed that J.E. had no visible reaction and that "[s]he looked like she was still sleeping[.]" (Tr. Vol. 2 at 153). Casco-Canales told G.E. to close the door and go back upstairs. G.E. grabbed Casco-Canales by the shirt and shoved him out of the guest bedroom. G.E. continued shoving Casco-Canales out of the house and locked the door.

[8] G.E. returned to the guest bedroom to check on J.E. and saw that J.E. "was still sleeping." (Tr. Vol. 2 at 155). G.E. went into the kitchen, grabbed a gun out of J.E.'s purse, and sat next to the back door for the remainder of the evening. The next morning, J.E. woke up and saw G.E. sitting by the back door with a gun. G.E. said to J.E., "[p]lease don't tell me that you don't remember what happened last night." (Tr. Vol. 2 at 202). G.E. went upstairs to his room and called J.E.'s fiancé and asked him to return home.

[9] In March 2023, the State charged Casco-Canales with Level 3 felony rape. In February 2024, the trial court held a jury trial. G.E. testified that he had seen Casco-Canales "raping" his mother, J.E. (Tr. Vol. 2 at 151). G.E. also testified that, after that night, he "couldn't really look at [J.E.] the same" and that he tried "not to talk to her as much[.]" (Tr. Vol. 2 at 158). G.E. further testified that, after that night, he "just stayed in [his] room" and avoided "everybody in the house[.]" (Tr. Vol. 2 at 158).

[10] J.E. testified that she had been very drunk. J.E. further testified that she had gone to sleep in the guest bedroom because her three-year-old son had been sleeping in her bedroom. J.E. also testified that she had woken up to the

"feeling of being penetrated" before losing consciousness again. (Tr. Vol. 2 at 199). In addition, J.E. testified that the next event she remembered was a light being turned on and G.E. shouting. When the State asked J.E. if she had ever consented to having sex with Casco-Canales, she responded, "[a]bsolutely not." (Tr. Vol. 2 at 204). When the State asked J.E. about how that night had affected her relationship with G.E., she stated:

> . . . I was very young and I was single and I was a mother and a father to my son and we grew really close and I think that maybe I grew up with him as much as he grew up with me and it was just him and I . . . he's always been very mature for his age. I think he felt that he had to take care of m[e] in a way as much as I took care of him and we . . . were always really close. . . . [A]fter this happened my son never hugged me again. He hasn't to this day. We . . . don't have these conversations that we used to. He doesn't tell me about his personal life. He doesn't necessarily avoid me, but I know that there is . . . a disconnect there between [us] and . . . that I hope no parent ever has to feel with their child and . . . I feel that he was put in a position that he should've never been put into and I feel to an extent as a parent I feel responsible. I feel that . . . this has taken something from us that cannot be returned.

(Tr. Vol. 2 at 207). At the conclusion of the jury trial, the jury found Casco-Canales guilty of Level 3 felony rape.

[11] The trial court held a sentencing hearing in March 2024. At the hearing, the trial court found the following aggravating circumstances: (1) the fact that Casco-Canales had, while the current case was pending, committed Class A misdemeanor theft; (2) the harm, injury, loss, or damage was significant and

greater than the elements; and (3) the crime was violent and it was knowingly committed in the presence of a person less than eighteen years of age. As a mitigating circumstance, the trial court found that Casco-Canales' imprisonment will result in hardship for his dependents. The trial court subsequently imposed the following sentence in its order: "13 years IDOC. 56 days credit plus statutory good time credit. 3 years suspended on Probation at a level to be determined. 2 years on alternative placement through Elkhart County Community Corrections[] at a level to be determined." (Appellant's App. Vol. 2 at 59).

[12]     Casco-Canales now appeals.

## Decision

[13]     Before reaching Casco-Canales' arguments on appeal, we find it prudent to address the manner in which the trial court expressed the sentence it imposed; it lacks clarity. As written, it is unclear whether the trial court intended to impose a sixteen (16) year sentence, with thirteen (13) years executed in the Indiana Department of Correction ("the DOC"), or whether the total sentence was to be thirteen (13) years. However, our examination of the Abstract of Judgment provides that the total sentence imposed as thirteen (13) years, which we outline as follows: an aggregate thirteen (13) year sentence, with eight (8) years executed in the DOC, two (2) years on alternative placement with community corrections, and three (3) years suspended to probation. (Appellant's App. Vol. 2 at 61-62). Because a clearly written sentencing order is critical to the understanding of defendants, the public, and all our partners in the criminal

justice system, we recommend that future sentencing orders be written in a manner similar to that expressed above. *See Consolidated Rail Corp. v. Estate of Martin ex. rel. Martin*, 720 N.E.2d 1261, 1265 (Ind. Ct. App. 1999) (holding that a trial court's orders must be clearly written so that there is no question as to what a person must do or not do).

[14] We now turn to Casco-Canales' argument that his thirteen-year sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived correct result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008) (internal quotation marks omitted). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* at 1224. "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*.

[15] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an

appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. A person who commits a Level 3 felony "shall be imprisoned for a fixed term of between three (3) and sixteen (16) years, with the advisory sentence being nine (9) years." IND. CODE § 35-50-2-5(b). A jury convicted Casco-Canales of Level 3 felony rape. Here, the trial court sentenced Casco-Canales to an aggregate thirteen-year sentence for his Level 3 felony conviction. Specifically, the trial court ordered Casco-Canales to serve eight years executed at the DOC, two years in an alternative placement with community corrections, and three years suspended to probation. This is less than the sixteen-year maximum sentence permitted by statute.

[16] Turning first to the nature of the offense, we find the offense to be particularly troubling. Casco-Canales, after having multiple alcoholic drinks with his first cousin J.E., raped her in her home. Casco-Canales penetrated an unconscious J.E., while her three children were in the home. During the act, G.E., J.E.'s fourteen-year-old son, walked into the room and stopped Casco-Canales. G.E. then shoved Casco-Canales out of the room and out of the house. Both G.E. and J.E. testified that Casco-Canales' actions have severely damaged their previously close relationship. As a result, Casco-Canales has not persuaded us that the nature of the offense merits a finding that the sentence was inappropriate.

[17] Turning to Casco-Canales' character, we first note that "to the extent the evidence on one prong militates against relief, a claim based on the other prong must be all the stronger to justify relief." *Lane v. State*, 232 N.E.3d 119, 127

(Ind. 2024). Although Casco-Canales does not have an extensive criminal history, he committed Class A misdemeanor theft while this case was pending. In support of his argument, Casco-Canales cites to letters submitted in support of his character as a justification that his sentence is inappropriate. However, the nature of his offense militates against relief. We are not persuaded that Casco-Canales' character merits a finding that his sentence is inappropriate.

[18] Casco-Canales has not persuaded this Court that his aggregate thirteen-year sentence for his Level 3 felony rape conviction is inappropriate. Therefore, we affirm the sentence imposed by the trial court.

[19] Affirmed.[2]

---

[2] Casco-Canales also argues that the trial court abused its discretion when it found as an aggravating circumstance that Casco-Canales committed the act in the presence of a person less than eighteen years of age. Casco-Canales further argues that the trial court abused its discretion when it did not find multiple mitigating circumstances based on the letters submitted in his support. However, Casco-Canales failed to state a standard of review related to aggravating and mitigating circumstances, failed to cite to any authority in support of his arguments, and failed to argue these arguments separately from his inappropriate sentence argument. Accordingly, he has waived these arguments on appeal. *See* Ind. App. R. 46(A)(8); *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (explaining that "inappropriate sentence and abuse of discretion claims are to be analyzed separately"); *McMahon v. State*, 856 N.E.2d 743, 751 (Ind. Ct. App. 2006) (argument on aggravating and mitigating circumstances waived for no cogent argument or citations to authority in support of the proposition). Waiver notwithstanding, the trial court properly found the aggravating circumstance that Casco-Canales had committed the act in the presence of a person less than eighteen years of age. G.E., who was fourteen years old at the time of the offense, testified multiple times that he had discovered Casco-Canales penetrating J.E. Regarding Casco-Canales' argument that the trial court failed to find mitigating circumstances, we note that a claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. Casco-Canales' brief simply states that the trial court overlooked these proposed mitigating circumstances. *See Pennington v. State*, 821 N.E.2d 899, 905 (Ind. Ct. App. 2005) (providing that merely stating a trial court overlooked proposed mitigating circumstances "does not rise to the level of proof needed to show that the proposed mitigating circumstance is both significant and clearly supported in the record.").

May, J., and Brown, J., concur.

ATTORNEY FOR APPELLANT

Mark D. Altenhof
Elkhart, Indiana


ATTORNEY FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Tyler Banks
Supervising Deputy Attorney General
Indianapolis, Indiana